UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| Bruce Cohn,<br><br>*Plaintiff,*<br><br>v.<br><br>Anna Popescu, TrustHFTwallet.com, and John Does 1 – 20,<br><br>*Defendants.* | Case No. 1:24-cv-00337<br><br>**Verified Complaint** |

Plaintiff Bruce Cohn hereby sues Anna Popescu, TrustHFTwallet.com, and John Does 1 – 20 (collectively, the "Defendants"). In support, he alleges as follows.

### I.  Preliminary Statement

1. Our country is in the midst of a crypto-fraud crisis. Foreign criminal organizations have stolen billions of dollars from hardworking Americans in what are known as "pig-butchering" scams—and are continuing to do so even as we speak.

2. Pig-butchering scams vary in their particulars, but in outline they are all the same. The scammers begin by initiating contact with and building trust with the victim, using diabolical psychological techniques to lower their target's defenses. They then convince the victim to "invest" using

- 1 -

a realistic-looking online cryptocurrency-trading platform. The victim deposits money and, over time, profits appear to grow. But, when the victim tries to withdraw, various issues emerge. The scammers demand more money in 'taxes' or 'fees' to 'unlock' the victim's account. Desperate for their money back, victims often comply. When it finally becomes clear that the whole enterprise is a sham, it is too late. The scammers disappear with victim's money, and cut off contact.

3. Tens of thousands of hardworking Americans have lost their life savings to these scams. Recent literature indicates that pig-butchering organizations have stolen more than $75 billion from victims worldwide since 2020. In the United States alone, victims reported losses of $2.6 billion to pig butchering and other crypto scams in 2022—more than double the amount reported the previous year.

4. This is an action by a victim of one such scam, Mr. Bruce Cohn. The Defendants tricked Mr. Cohn into investing on a platform that turned out to be a scam, and in so doing stole more than $2.4 million of his savings. Mr. Cohn has now been "slaughtered," in the scammers' parlance, and his money spirited away to foreign bank accounts and crypto wallets.

5. This action and coordination with law enforcement are Mr. Cohn's only hopes for recovery. In this suit, he seeks the return of the assets stolen from him and additional damages and equitable relief described below.

**II.    Parties**

6.     Plaintiff Bruce Cohn is an individual. He is a resident of Encinitas, California.

7.     TrustHFTwallet.com is a fraudulent cryptocurrency-investment platform. Its headquarters and situs of organization (if any), are presently unknown.

8.     Anna Popescu is an individual who claims to be a citizen of Romania. Her present whereabouts are unknown.

9.     Defendants John Doe 1 – 20 are as-yet unidentified individuals, business entities, and/or unincorporated associations. These persons are TrustHFTwallet's and Popescu's co-conspirators.

**III.    Jurisdiction & Venue**

10.    This is an action under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Accordingly, this Court has federal-question jurisdiction.

11.    Each of the Defendants are subject to the personal jurisdiction of this Court because they direct business activities towards and conduct business with consumers throughout the United States, including within the State of Texas and this district through at least one fraudulent website and mobile application accessible from Texas. Alternatively, the Defendants are subject to personal jurisdiction in this district because (i) they are not subject to jurisdiction in any state's court of general jurisdiction and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)(3), which provides that a foreign defendant may be sued in any judicial district.

**IV. Allegations**

13. In June 2024, Bruce Cohn met a person claiming to be named Anna Popescu on a dating website. The two struck up a connection and began messaging regularly.

14. Popescu eventually told Mr. Cohn about her success investing and trading cryptocurrencies and introduced him to a platform called TrustHFTwallet. Popescu told Mr. Cohn that she knew how to make profits using TrustHFTwallet, and offered to teach him how to do the same. She encouraged Mr. Cohn to make a TrustHFTwallet account, which he soon did.

15. Over the next several months, Popescu 'trained' Mr. Cohn in cryptocurrency trading using the TrustHFTwallet platform. When Mr. Cohn was ready to make a deposit on TrustHFTwallet, the platform provided him asset-transfer instructions via the platform's customer-service chat or on its "deposit" page. Mr. Cohn completed the transactions as instructed. Each time, the amount of the funds he 'deposited' would then be reflected in his transaction history and account balance on the TrustHFTwallet platform. Over time, he sent assets to TrustHFTwallet with a dollar-denomiated value of more than $2,400,000.00.

16. Mr. Cohn's balance on the TrustHFTwallet platform appeared to grow rapidly—eventually showing that he had crypto assets worth more

than $4.5 million in his account. But when he attempted to withdraw his funds, TrustHFTwallet informed him that him that he could do so in significant quantities without 'leveling up' his account by depositing more money. Mr. Cohn soon realized that he had been scammed.

17. The TrustHFTwallet platform was never a "trading platform" of any sort. It was a simulacrum of a trading platform where no actual trading or investment ever occurred. The account balances, the purported profits, and the transaction history displayed were real only in the sense that they reflected the monies Mr. Cohn sent to the Defendants. And this was simply to ensure that the platform appeared to be functioning. The assets Mr. Cohn transferred to the Defendants were never 'deposited' on TrustHFTwallet. They were never used for cryptocurrency trading. They were simply stolen.

18. Mr. Cohn was not the only victim of the TrustHFTwallet scam. At least dozens of other persons were scammed by the Defendants in a period extending over one year.

**V.  Causes of Action**

19. Mr. Cohn brings the following causes of action against the Defendants. The allegations set out above are incorporated into each of the causes of action that follow as if fully restated therein.

## Count One
### Racketeering in Violation of 18 U.S.C. § 1962(c)
### Against All Defendants

20.   Anna Popescu, TrustHFTwallet.com, and John Does 1 – 20 (collectively, the "Defendants") constituted an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), in that they are a group of individuals and legal entities associated in fact. Their enterprise is referred to herein as the "HFTwallet Enterprise."

21.   The HFTwallet Enterprise engaged in numerous acts of wire fraud in violation of 18 U.S.C. § 1343, as described in paragraphs 11 – 19, supra. They did so using the TrustHFTwallet.com website and mobile app, WhatsApp, emails, and other forms of digital communication with Mr. Cohn and others. Mr. Cohn relied on the Defendants' fraudulent statements to his detriment.

22.   The Defendants shared the common purpose of defrauding and stealing from Mr. Cohn and other victims and thereby converting and exercising dominion over their assets.

23.   The Defendants are each a "person" within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c). Each of them individually conducted, participated in, engaged in, and operated and managed the affairs of the TrustHFTwallet Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c). Said pattern of

racketeering activity consisted of, but was not limited to, the acts of wire fraud described above.

24.     All the acts of racketeering activity described above were related so as to establish a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962(c). The Defendants' common purpose was to defraud Mr. Cohn and other victims and convert and exercise dominion and control over those victims' assets. Each Defendant, directly or indirectly, participated in all of the acts and employed the same or similar methods of commission.

25.     The HFTwallet Enterprise was of sufficient longevity for its members to carry out their purposes on a large scale. All of the acts of racketeering described above, were continuous so as to form a pattern of racketeering activity in that the Defendants have engaged in the predicate acts for a substantial period of time exceeding one year. The HFTwallet Enterprise successfully defrauded at least dozens of persons and converted millions of dollars worth of its victims' assets, including Mr. Cohn's. To the extent the HFTWallet Enterprise's activities have ceased or cease while this litigation is pending, these acts posed threat of indefinite duration at the time they were committed and will have stopped only because they were fortuitously interrupted by events beyond the Defendants' control.

26.     As a direct and proximate result of, and by reason of, the activities of the Defendants and their conduct in violation of 18 U.S.C. § 1962(c), Mr. Cohn was injured in his business and property within the

meaning of 18 U.S.C. § 1964(c). The Defendants stole Mr. Cohn's savings and thereby caused him to suffer deprivations and extreme mental and emotional distress. He is, therefore, entitled to recover threefold the damages sustained together with the cost of the suit, including costs, reasonable attorneys' fees and reasonable experts' fees.

### Count II
### Conversion
### Against All Defendants

27. As more fully alleged above, the Defendants misappropriated Mr. Cohn's assets.

28. The Defendants converted Mr. Cohn's assets to their own use or the use of others not entitled to them. They have exercised dominion and control over those assets to Mr. Cohn's exclusion and detriment.

29. Mr. Cohn has suffered damages as a direct and proximate result of Defendants' conversion.

### Count III
### Fraud
### Against All Defendants

30. To prevail on a fraud claim, a plaintiff must show that the defendant made (1) a false representation, (2) of a matter of material fact, (3) with knowledge of its falsity, (4) for the purpose of inducing action thereon, and (5) that the plaintiff relied upon the representation as true and acted upon it to his or her damage.

31. As alleged above, the Defendants made numerous false representations to Mr. Cohn, including that theirs was a legitimate trading platform through which Mr. Cohn might make a return on his assets. They did so with knowledge of the falsity of these statements and with actual intent to induce Mr. Cohn to rely on their statements to his detriment, which he did.

**VI.    Relief Sought**

32. Mr. Cohn requests that judgment be entered against each of the Defendants on each of the causes of action set out above. He seeks relief as follows:

   a. Imposition of a constructive trust over his stolen assets and return of those assets to his possession;

   b. Monetary damages;

   c. Statutory trebled damages pursuant to 18 U.S.C. § 1964(c);

   d. Punitive damages;

   e. Costs, including reasonable attorneys' fees under 18 U.S.C. § 1964(c);

   f. Pre- and post-judgment interest;

   g. Injunctive and equitable relief insofar as required to preserve assets for recovery, halt the Defendants' unlawful acts, and otherwise enable the exercise of the Court's powers and effecutate its orders;

   h. Other relief as the Court deems just and proper.

Dated:  August 5, 2024               Respectfully submitted,

                                     THE HODA LAW FIRM, PLLC

                                     _____
                                     Marshal J. Hoda, Esq.
                                     Tx. Bar No. 2411009
                                     12333 Sowden Road, Suite B
                                     PMB 51811
                                     Houston, TX 77080
                                     o. (832) 848-0036
                                     marshal@thehodalawfirm.com

                                     *Attorney for Plaintiff*

- 10 -

## VERIFICATION

I, Bruce Cohn, declare as follows.

I am the plaintiff in the present case. I have personal knowledge of the factual allegations set out above. I verify under penalty of perjury that the factual statements concerning myself and my activities are true and correct.

_____
Bruce Cohn

August 4, 2024