UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| Bruce Cohn, <br><br> *Plaintiff*, <br><br> v. <br><br> Anna Popescu, *et al.*, <br><br> *Defendants*. | Case No. 1:24-cv-00337 <br><br> **Plaintiff's Motion for Issuance of Letters of Request** |

Plaintiff Bruce Cohn hereby moves for the issuance of letters of request directed to the judicial authorities of England, the Cayman Islands, Seychelles, and The Netherlands. In support, he respectfully shows the Court as follows.

I. Background

This case arises from what is known as a "pig-butchering scam." The Defendants are a syndicate of cybercriminals who stole more than $2,400,000.00 from Mr. Cohn by convincing him to 'trade' cryptocurrencies using a fake online platform.[1] Using blockchain-tracing techniques, Mr. Cohn's investigator was able to follow the stolen assets to "off ramp" accounts

---

[1] First Amended Complaint, ¶¶ 15 – 21.

at the international cryptocurrency exchanges (i) Binance and (ii) OKX.[2] Subsequent discovery also revealed the transfer of a portion of Mr. Cohn's assets to an international sports book and betting service, Dynamik Marketing B.V.

This Court previously granted Mr. Cohn's Motion for Temporary Restraining Order and Expedited Discovery, which (i) ordered that the assets in these off-ramp accounts be frozen and (ii) authorized the issuance of subpoenas directed to each of these exchanges seeking information about the persons who created these off-ramp accounts.[3] The Court subsequently issued a Preliminary Injunction extending the asset freezes through trial.[4]

Through counsel, Mr. Cohn served the subpoenas authorized in the Court's prior order on each of the Exchanges. The Exchanges have not produced the requested evidence to date. This, coupled with the discovery of the role of Dynamik Marketing B.V., has precipitated the instant Motion, in which Mr. Cohn seek the issuance of letters of request pursuant to the Hague Evidence Convention.

## II. Applicable Law

Federal courts have inherent authority to issue letters rogatory to foreign tribunals, agencies, or officers to seek "assistance in the production of

---

[2] *See* Plaintiff's Motion for Preliminary Injunction (Dkt. 9), Ex. 2, Declaration of Evan Cole (setting out blockchain tracing evidence).

[3] Dkt. 6.

[4] Dkt. 15.

evidence located in the foreign country."[5] Letters rogatory are sometimes also referred to as "letters of request."[6] There is no substantive difference between these designations.[7]

Letters rogatory may also be transmitted to foreign governments pursuant to the processes established by mutually agreed international treaties, such as the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters—more commonly referred to as the "Hague Evidence Convention."[8] The Convention provides for transmission of "letters of request" from one signatory state (where the evidence is sought) to another signatory state (where the evidence is located) without recourse to consular and diplomatic channels.[9] A valid letter of request sent pursuant to the Hague

---

[5] *Blitzsafe Texas, LLC v. Jaguar Land Rover Ltd.*, No. 2:17-CV-00424-JRG, 2019 WL 13077697, at *1 (E.D. Tex. Apr. 1, 2019) (quoting *United States v. El-Mezain*, 664 F.3d 467, 516–17 (5th Cir. 2011), *as revised* (Dec. 27, 2011)); *see also* 28 U.S.C. § 1781(b)(2) (discussing authority to issue letters rogatory); *United States v. Tuma*, 738 F.3d 681, 688 n.5 (5th Cir. 2013) ("28 U.S.C. § 1781(b)(2) allows courts to issue letters rogatory directly to a foreign tribunal or agency."); *accord* 8 Charles Alan Wright et al., Federal Practice and Procedure § 2005.1 (3d ed. 2010) ("A federal district court, for example, can issue a letter rogatory directly to a foreign tribunal."); *Triumph Aerostructures, LLC v. Comau, Inc.*, No. 3:14-CV-2329-L, 2015 WL 5502625, at *2 (N.D. Tex. Sept. 18, 2015) (citing *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1408 (5th Cir. 1993)) (holding that courts have inherent power under Article III to issue letters rogatory).

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

Convention may seek information both from foreign entities that are party to the litigation and from foreign entities that are nonparties.[10]

The Hague Convention provides that each signatory state shall "designate a Central Authority ... to receive Letters of Request coming from a judicial authority of another Contracting State...."[11] That Central Authority shall transmit the letters of request "to the authority competent to execute them."[12] A valid letter of request must include the following information:

- (a) the authority requesting its execution and the authority requested to execute it, if known to the requesting authority;
- (b) the names and addresses of the parties to the proceedings and their representatives, if any;
- (c) the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto;
- (d) the evidence to be obtained or other judicial act to be performed.[13]

Further, "[w]here appropriate," a letter of request must specify:

- (e) the names and addresses of the persons to be examined;
- (f) the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined;
- (g) the documents or other property, real or personal, to be inspected;
- (h) any requirement that the evidence is to be given on oath or affirmation, and any special form to be used.

---

[10] *Id.*

[11] Hague Convention, art. 2.

[12] *Id.*

[13] *Id.*, art. 3.

In the federal courts, parties seeking the issuance of letters of request typically submit proposed letters to the presiding judge. If the Court determines that the proposed letters meet the Hague Convention requirements set out above, the Clerk is ordered to authenticate the letters, affix the Court's seal, and send the letters to the appropriate international authorities using addresses and postage provided by the party requesting the letters' issuance.[14]

### III. Argument

As set out in Mr. Cohn's briefing in support of his Motion for Preliminary Injunction, to which he respectfully directs the Court, the assets stolen from him by the TrustHFTWallet scammers were ultimately transferred to accounts at the cryptocurrency exchanges Binance, OKX, and to a sports betting service called Dynamik Marketing B.V. These services are organized or headquartered in the Cayman Islands[15] (Binance), Seychelles (OKX), and Curaçao[16] (Dynamik Marketing). To effectively proceed with his case against the Defendants, Mr. Cohn must have access to evidence about the person or persons who created the accounts at these exchanges and sports betting service.

---

[14] *Blitzsafe Texas*, 2019 WL 13077697, at *2 (W.D. Tex. 2019) (granting request for issuance of letters of request and detailing this procedure).

[15] The Cayman Islands are a British Overseas Territory.

[16] Curaçao is a constituent island country within the Kingdom of the Netherlands.

Accordingly, along with this Motion, Mr. Cohn has submitted a proposed order granting his request for issuance of letters of request and four proposed letters to the judicial authorities of each of the aforementioned nations.[17] In addition, in recognition of the sensitivity of the information they seek, Mr. Cohn has submitted a proposed protective order in the form of this District's model order for the Court's signature.[18] Mr. Cohn requests that the Court enter the proposed order granting his Motion for Letters of Request, enter the proposed Protective Order, and direct the clerk to transmit the letters of request.

//

---

[17] *See* Ex. 1 (proposed order), Exs. 2-5 (proposed letters of request).

[18] *See* Ex. 6 (proposed protective order).

| | |
|---|---|
| Dated: March 13, 2025 | Respectfully submitted, |

THE HODA LAW FIRM, PLLC

*/s/ Marshal J. Hoda*
_____
Marshal J. Hoda, Esq.
Texas Bar No. 24110009
3120 Southwest Fwy
Ste 101, PMB 51811
Houston TX 77098
marshal@thehodalawfirm.com
o. (832) 848-0036

*Attorney for Plaintiffs*