IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BRUCE COHN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 1:24-CV-00337 |
| ANNA POPESCU, *et al.*, | § | JUDGE MICHAEL J. TRUNCALE |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

**ORDER GRANTING PLAINTIFF'S MOTION
FOR LETTERS OF REQUEST**

Before the Court is Plaintiff's Motion for Issuance of Letters of Request. The Court has reviewed Plaintiff's Motion and for the reasons that follow finds that it should be GRANTED.

**I.   Background**

Plaintiff alleges that the Defendants victimized him in what is known as a "pig butchering scam." This is a kind of scam in which the alleged perpetrators convince their victims to "invest in" or "trade" cryptocurrencies using a fraudulent online platform and ultimately abscond with the victims' assets. In this case, the Court previously authorized Plaintiff to issue expedited discovery, including by issuing subpoenas to three third-party cryptocurrency exchanges to which Plaintiff alleges his assets were ultimately transferred by the Defendants.

In the instant Motion, Plaintiff states that despite serving subpoenas on each of the targeted cryptocurrency exchanges, they have not received document productions from any of them. They now request that the Court issue three letters of request for judicial assistance, also known as letters rogatory, addressed to the appropriate authorities of the Cayman Islands, Seychelles, and Curaçao. These letters seek discovery of "documents and things for inspection and copying" from two cryptocurrency exchanges and one sports betting service located in these countries pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (hereinafter, "Hague Convention"), to which each of the Cayman Islands (via the United Kingdom), the Seychelles, and Curaçao (via The Netherlands) is a party.

## II.   Legal Standard

Federal courts may issue letters rogatory to foreign tribunals, agencies, or officers to seek "assistance in the production of evidence located in the foreign country." *Blitzsafe Texas, LLC v. Jaguar Land Rover Ltd.*, No. 2:17-CV-00424-JRG, 2019 WL 13077697, at *1 (E.D. Tex. Apr. 1, 2019) (collecting authorities). Letters rogatory are sometimes also referred to as "letters of request." *Id.* There designations are used interchangeably both by the federal courts and in this Order. *Id.*

Letters rogatory may also be transmitted to foreign governments pursuant to the processes established by international treaties, such as the Hague Convention. *See* CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN

CIVIL OR COMMERCIAL MATTERS, Mar. 18, 1970, 23 U.S.T 1555, T.I.A.S. No. 7444, 1972 WL 122493; *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 539 (1987). The United States is a party to the Hague Convention, and so are the Cayman Islands (via the United Kingdom), Seychelles, and Curaçao (via the Kingdom of the Netherlands). A valid letter of request sent pursuant to the Hague Convention may seek information both from foreign entities that are party to the litigation and from foreign entities that are nonparties. *Blitzsafe*, 2019 WL 13077697, at *1.

The Hague Convention provides that each signatory state shall "designate a Central Authority ... to receive Letters of Request coming from a judicial authority of another Contracting State...." Hague Convention, art. 2. That Central Authority shall transmit the letters of request "to the authority competent to execute them." *Id*. However, to be valid, a letter of request must include the following information:

(a) the authority requesting its execution and the authority requested to execute it, if known to the requesting authority;

(b) the names and addresses of the parties to the proceedings and their representatives, if any;

(c) the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto;

(d) the evidence to be obtained or other judicial act to be performed.

*Id*. art. 3. Further, "[w]here appropriate," a letter of request must specify:

(e) the names and addresses of the persons to be examined;

(f) the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined;

(g) the documents or other property, real or personal, to be inspected;

(h) any requirement that the evidence is to be given on oath or affirmation, and any special form to be used;

(i) any special method or procedure to be followed under Article 9.

*Id.*

### III. Analysis

Plaintiff's proposed letters rogatory meet all the requirements set out in Article 3 of the Hague Convention. Each letter addresses the nine requirements of Article 3 individually and sets forth the appropriate information at length. For example, the letters describe this Court's jurisdiction, summarize the nature and relevant procedural history of the action, and provide the contact information of counsel for the litigants. The letters also include, as appendices, copies of Plaintiffs' First Amended Complaint and a detailed and particular discovery request.

### IV. Conclusion

Accordingly, the Court APPROVES the proposed letters rogatory, which are attached to the Motion as Exhibits 2 - 4. The Clerk of this Court is ORDERED to authenticate the Court's signature by affixing the seal of this

- 5 -

Court upon each letter rogatory. Plaintiff is ORDERED to furnish an envelope with the appropriate address and postage to the Clerk for mailing each letter rogatory. The Clerk shall thereafter directly transmit each letter to the appropriate Central Authorities of each nation pursuant to Articles 2 and 3 of the Hague Convention.

//

//

Dated: March 13, 2025

Prepared By:

THE HODA LAW FIRM, PLLC

/s/ M. Hoda

Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
12333 Sowden Road, Suite B
PMB 51811
Houston, TX 77080
o. (832) 848-0036
marshal@thehodalawfirm.com

*Attorney for Plaintiff*