# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| Bruce Cohn, | |
| *Plaintiff*, | Case No. 1:24-cv-00337 |
| v. | |
| Anna Popescu, *et al.*, | **Declaration in Support of Plaintiff's Second Motion for Temporary Restraining Order** |
| *Defendants*. | |

I, Evan Cole, state and swear as follows.

## I.    Introduction

1.    My name is Evan Cole. I am of sound mind and capable of making this Declaration. I have personal knowledge of the facts stated herein.

2.    I am the Head of Investigations at The Hoda Law Firm, PLLC. I am experienced in blockchain investigations and am knowledgeable about the pig-butchering scam epidemic and the tactics of cybercriminals like the Defendants in this case. I hold the Chainalysis Cryptocurrency Fundamentals and Chainalysis Reactor Certifications, and the Lukka Crypto Asset Investigation I Certification.

## II.    Background

3.    Plaintiff Bruce Cohn filed this action after losing over $2 million to a pig-butchering scam. The particulars of this scam are detailed most recently in Plaintiff's Second Amended Complaint.[1] In my prior Declaration in support of Mr. Cohn's first motion for a temporary restraining order in this case, I averred that the facts of this case unmistakably establish that Mr. Cohn was the victim of a pig-butchering scam. My confidence in that conclusion remains unchanged and in fact has only grown as more evidence has been revealed.

4.    As part of his investigation into the scam, the Court authorized Mr. Cohn to issue subpoenas to several entities believed to possess information about the scam's perpetrators, ████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ██████████████

---

[1] Dkt. 30.

[2] Dkt. 28.

5. ███████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███

██████████████████████████

██████████████████████████

██████████████████████████

██████████████████████████

██████████████████████████

██████████████████████████

6. ███████████████████████████

███████████████████████████████████

████████████████████████ ██ blockchain tracing

report is attached as Exhibit 1-B to this Declaration.

## III.    USDC and Circle

7.    USDC is unique among cryptocurrencies. It is a virtual asset that operates on the Ethereum blockchain, but unlike Ethereum or Bitcoin, it is controlled by a central issuing authority: Circle Internet Group, Inc. ("Circle"), a United States business entity.

8.    Circle has the ability to blacklist or freeze any USDC cryptocurrency address at any time, and in fact has done so as recently as

March 2025, when they froze just under $3 million USDC held at a single address that was linked with illicit activity.

9.      A restraining order is necessary here because, as with all cryptocurrecies, these assets could be swapped or moved at any time with the click of a button. No harm will result from an injunction because a freeze can be reversed by Circle just as easily as it can be implemented.

**[SIGNATURE PAGE FOLLOWS]**

**VERIFICATION**

I, Evan Cole, hereby verify and declare under penalty of perjury

that the foregoing is true and correct.

Evan Cole
Head of Investigations
The Hoda Law Firm, PLLC
evan@thehodalawfirm.com

May 22, 2025

Date

| User ID | Amount | Destination Address | txId | Apply Time |
|---------|--------|--------------------|------|-----------|
| █████ | ████ ██ | ████ ██ | ████████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ████ ██ | | ██ ███████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ████ ██ | | ██ █████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ██████ | | ████████████████████████████ | ██████ |
| █████ | ███ █ | | ██ █████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ████ ██ | | ██ █████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |
| █████ | ████ ██ | ██ | ████████████████████████ | ██████ |
| █████ | ███████ | | ████████████████████████████ | ██████ |



# Destination of Funds – Asset Tracking Report

## Case Details

**Case Name:**



---

## Disclaimer

Lukka, Inc. is not in any way connected with or under any common control with any of the recipients of this report and therefore has full ability to provide independent service. Lukka is not liable for any changes in assumptions and nor any updates to this report in the case of new facts or circumstances occurring after the date of the report. Lukka has conducted this evaluation based on publicly available third-party sources, data and information. Lukka accepts no liability or responsibility for any such third-party information and shall have no responsibility to independently verify any third-party information or any assumptions contained therein. Any decision taken by the recipients is to be made solely based on the recipients' sole judgment and at the recipients' sole risk. The liability of Lukka is hereby excluded to the fullest extent permitted by the applicable law. In no event will Lukka or any of its affiliates and its and their officers, directors, managers, owners, advisors, employees and agents be liable to the recipients or to any other party for:

(i) any loss, damage or other injury, in whole or in part caused by, resulting from or relating to, any error (negligent or otherwise) in the report, or any other circumstance or contingency within or outside the control of Lukka, in connection with the procurement, collection, compilation, analysis, interpretation, communication, publication or delivery of the report or,

(ii) any indirect, special, punitive, incidental, exemplary, expectancy or consequential damages, including lost profits, lost revenues, loss of opportunity or business interruption, whether or not such damages are foreseeable.



