IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| BRUCE COHN, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. 1:24-CV-00337 |
| ANNA POPESCU, § | JUDGE MICHAEL J. TRUNCALE |
| TRUSTHFTWALLET.COM, § | |
| ZEDXION EXCHANGE LTD, ELIZABETH § | |
| NEWMAN, and § | |
| JOHN DOES 1 – 20, § | |
| § | |
| *Defendants*. § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL AND ORDER TO FILE REDACTED PUBLIC DOCUMENTS

Before the Court is Plaintiff Bruce Cohn's Motion to File Documents Under Seal. [Dkt. 44]. Mr. Cohn seeks to file his Second Motion for Preliminary Injunction [Dkt. 45] under seal. For the following reasons, the Court **GRANTS** the motion and **ORDERS** Mr. Cohn to file a public redacted copy of his Second Motion for Preliminary Injunction.

"Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). "The presumption of openness is Law 101: 'The public's right of access to judicial records is a fundamental element of the rule of law.'" *Id.* (quoting *In re Leopold to Unseal Certain Elec. Surveillance Application & Orders*, 964 F.3d 1121, 1123 (D.C. Cir. 2020)). This is so because "protecting the public's right of access is 'important to maintaining the integrity and legitimacy of an independent Judicial Branch.'" *Id.* (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017)). The public's interest in transparent court proceedings "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920

F.3d 209, 210 (5th Cir. 2019) (quotation and citation omitted). For these reasons, "courts should be ungenerous with their discretion to seal judicial records." *Le*, 990 F.3d at 418 (footnote and citations omitted); *see also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022) ("[W]e heavily disfavor sealing information placed in the judicial record.").

District courts should maintain a "working presumption that judicial records should not be sealed." *Le*, 990 F.3d at 419 (citing *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019)). The Fifth Circuit has directed district courts to apply different legal standards when parties disclose documents and records during discovery versus when filing them as part of the judicial record. *Id.* at 419–21; *June Med.*, 22 F.4th at 521. On the one hand, courts may require only "good cause" when issuing protective orders that seal documents produced in discovery. *Le*, 990 F.3d at 419 (citations omitted). On the other hand, once a document is filed on the public record, thereby becoming part of the judicial record, a stricter balancing test applies. *Id.* (citations omitted). In particular, "[t]he secrecy of judicial records, including stipulated secrecy, must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure." *Id.* at 421. This stringent standard requires courts to undertake a case-by-case, document-by-document, line-by-line balancing of these interests. *Id.* at 419 (citations omitted). "That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*." *June Med.*, 22 F.4th at 521 (citing *Le*, 990 F.3d at 420). Therefore, the justification that a record must be sealed because it falls within the parameters of a protective order is invalid. *Id.*

Without a doubt, certain information in judicial records should be sealed and remain out of the public's knowledge, such as sensitive information that could endanger lives, threaten national security, reveal trade secrets, or uncover the identities of confidential informants. *Le*, 990 F.3d at 417, 419. Information or documents that are already publicly available, however, "*already* belong to the people,

2

and a judge cannot seal public documents merely because a party seeks to add them to the judicial record." *June Med.*, 22 F.4th at 520 (emphasis in original).

Here, Mr. Cohn seeks to file his Second Motion for Preliminary Injunction [Dkt. 45] under seal because the document contains "sensitive financial data in the form of accountholder names and blockchain addresses" provided by a third party under a Protective Order. [Dkt. 44 at 1]. Ultimately, Mr. Cohn seeks to protect the parties' legitimate privacy interests, as Defendants are alleged scammers and have yet to make an appearance in this case. *Id.* at 1–2.

In reviewing the contents of the Second Motion for Preliminary Injunction, the Court finds that the protection of sensitive financial information justifies sealing the documents and **GRANTS** the Motion to File Documents Under Seal [Dkt. 44]. However, in the interest of the public's access to judicial records, the Court **ORDERS** Mr. Cohn to file a public redacted version of his Second Motion for Preliminary Injunction [Dkt. 45] within **seven (7) days** of receipt of this Order.

The Clerk is **INSTRUCTED** to accept the Second Motion for Preliminary Injunction [Dkt. 45] under seal.

**SIGNED this 18th day of June, 2025.**

Michael J. Truncale
United States District Judge