UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BRUCE COHN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CASE NO. 1:24-CV-00337 |
| V. | § | JUDGE MICHAEL J. TRUNCALE |
| | § | |
| ANNA POPESCU, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

## ORDER GRANTING PLAINTIFF'S *REDACTED* MOTION FOR ALTERNATIVE SERVICE

Before the Court is Plaintiff's *Redacted* Motion for Alternative Service [Dkt. 52]. The Court has reviewed Plaintiff's Motion and finds that it should be **GRANTED**.

### I.    BACKGROUND

Plaintiff alleges that the Defendants are foreign cybercriminals who have concealed their physical locations and use blockchain technology and the internet to perpetrate "pig butchering" investment scams. In his Motion, Plaintiff states that he "has the ability to communicate with the Service Targets" through email and a Non-Fungible Token ("NFT") transfer. [Dkt. 52 at 3–4]. He asserts that he can serve Defendant ▓▓ ▓▓ through the email address he used to create and operate his ▓▓ cryptocurrency account, and that he can serve Defendant Anna Popescu through the Gmail email address used to communicate with Plaintiff. *Id.* at 4. He also argues that he can serve the *in rem* Target Addresses through an NFT[1] transfer. *Id.*

### II.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) provides that service on a foreign individual may be effectuated by "means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "Service on a foreign defendant [under Rule 4(f)(3)] is therefore proper when it is a court ordered method that is not prohibited by international agreement and is reasonably calculated, under the circumstances, to

---

[1] As explained by Plaintiff's counsel at a hearing on a preliminary injunction in this case, an NFT is essentially a digital file, similar to sending someone a digital image of a painting.

notify the defendant of the case and afford them an opportunity to present objections." *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022) (first citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018); and then citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (affirming email service to foreign defendants).

### III. ANALYSIS

Plaintiff moves to serve the complaint and summons on ▉▉▉▉ and Anna Popescu by email. [Dkt. 52 at 8–9]. He also moves to serve the complaint and summons on the six Target Addresses by NFT. *Id.* Having reviewed Plaintiffs' motion, the Court finds that these methods of service are proper and reasonably calculated to provide notice to each defendant, thereby satisfying the requirements of Rule 4(f)(3). Alternate service via the methods requested in Plaintiff's Motion also comports with due process.

Where a defendant's physical address is unknown, alternate service is not prohibited by the Hague Service Convention. *Mycoskie, LLC v. 1688best*, No. 18-CV-60925-KMM, 2018 WL 4775643, at *1 (S.D. Fla. July 2, 2018) ("Article 1 of the Hague Service Convention provides that '[t]his Convention shall not apply where the address of the person to be served with the document is not known.'"). Here, Plaintiff provided a declaration by his investigator indicating that the targets are highly likely to be located abroad—most likely in southeast Asia—but that their specific physical addresses are unknown. [Dkt. 52-1 at ¶ 10]. Thus, Plaintiff's proposed alternative service is not prohibited by the Hague or any other known international agreement.

Trial courts "have authorized a wide variety of alternative methods of service including . . . email," and it is in the court's "discretion . . . to balance the limitations of email service against its benefits in any particular case." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016, 1018 (9th Cir. 2002); *see also Harris v. Upwintrade.com*, No. 1:24-cv-00313, 2025 WL 1485335, at *2 (E.D. Tex. Jan. 14, 2025) (Truncale, J.) (authorizing service by email). Furthermore, courts have permitted service via NFT in similar cases. *See Yogaratnam v. Doe*, No. 2:24-cv-00393, [Dkt. 9] (E.D. La. Feb. 23, 2024) (authorizing service by transfer of NFT and website posting in pig-butchering case); *Sun v. Defendant 1*, No. 23-CV-21855-RAR, 2023 WL 4532417, at *2 (S.D. Fla. July 13, 2023) (same); *Bowen v. Li*, No. 23-CV-20399, 2023 WL 2346292, at *3

(S.D. Fla. Mar. 3, 2023) (same); *Bandyopadhyay v. Defendant 1*, No. 22-CV-22907, 2022 WL 17176849, at *3 (S.D. Fla. Nov. 23, 2022) (same). Here, Plaintiff provided a sworn statement from his investigator explaining that Plaintiff would be able to communicate with Defendants via email or NFT. *See* [Dkt. 52-1 at ¶ 11]. Accordingly, serving the defendants by directing messages to these email addresses and transferring NFTs are methods reasonably calculated to give them actual notice of this suit and opportunity to appear and be heard.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to serve the complaint and summons by email and NFT transfer [Dkt. 52] is **GRANTED**. Plaintiff shall serve the Summons, Complaint, and all future filings upon the defendants listed below electronically via the specified means and file proofs of service.

| Defendant | Method of Service |
| --- | --- |
| ▇▇▇▇▇▇ | Email |
| Anna Popescu | Email |
| ▇▇▇▇▇▇ | NFT Transfer |
| ▇▇▇▇▇▇ | NFT Transfer |
| ▇▇▇▇▇▇ | NFT Transfer |
| ▇▇▇▇▇▇ | NFT Transfer |
| ▇▇▇▇▇▇ | NFT Transfer |
| ▇▇▇▇▇▇ | NFT Transfer |

**SIGNED** this 27th day of June, 2025.

*Michael J. Truncale*
Michael J. Truncale
United States District Judge