FILED UNDER SEAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| Bruce Cohn, § § *Plaintiff*, § § VS. § § Anna Popescu, *et al.*, § § *Defendants*. § § § | § § CIVIL ACTION NO. 1:24-cv-00337 JUDGE MICHAEL J. TRUNCALE |

## ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE

Before the Court is Plaintiff's Motion for Alternate Service. For the reasons that follow, the Court finds that the Motion should be **GRANTED**.

Plaintiff alleges that the Defendants have concealed their physical locations and use blockchain technology and the internet to perpetrate "pig butchering" investment scams and argues that service on them by electronic means is therefore appropriate. Under Federal Rule of Civil Procedure 4(f)(3), a district court may authorize service on a party outside of the United States by "other means not prohibited in international agreement." Accordingly, service under Rule 4(f)(3) is appropriate when alternate service is (1) not prohibited by international agreement (2) directed by the court, and (3) reasonably calculated to give the defendant actual notice of the proceedings.

*Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022). Where Defendants' physical addresses are unknown, alternate service is not prohibited by the Hague Service Convention. *Mycoskie, LLC v. 1688best*, No. 18-CV-60925-KMM, 2018 WL 4775643, at *1 (S.D. Fla. July 2, 2018) ("Article 1 of the Hague Service Convention provides that '[t]his Convention shall not apply where the address of the person to be served with the document is not known.'"). Additionally, in this case, alternate service via the methods requested in Plaintiff's Motion comports with due process. Many courts, including this Court, have held that service directed to the same channels that defendants used in carrying out an alleged fraud is reasonably calculated to notify those defendants of the case. *See Harris v. Upwintrade*, 2025 WL 1485335, **2-3 (E.D. Tex. January 14, 2025).

In addition, here, Plaintiff alleges that counsel for the person in control of the targeted blockchain addresses reached out to Plaintiff's counsel by email but refused to identify his client. Courts routinely authorize service on international defendants through their counsel under Rule 4(f)(3). *See, e.g.*, *Basatne Int'l, LLC v. INQ Star Corp.*, No. 3:21-CV-3142-S, 2022 WL 3904690, at *3 (N.D. Tex. May 12, 2022) (noting that "courts routinely direct service on an international defendant's counsel under Rule 4(f)(3)" and collecting cases).

For the foregoing reasons, Plaintiff's motion for leave to serve the complaint and summons is **GRANTED**. Plaintiff shall serve the Summons,

- 3 -

Complaint, and all future filings upon the defendants listed below electronically via the specified means and file proofs of service.

| Defendant | Method |
|---|---|
| ▮▮▮▮▮▮ | NFT Transfer |
| ▮▮▮▮▮ | Email |
| ▮▮▮▮▮ | NFT Transfer |
| ▮▮▮▮▮ | NFT Transfer |
| ▮▮▮▮ | NFT Transfer |
| ▮▮▮▮ | NFT Transfer |
| ▮▮▮▮▮ | NFT Transfer |
| Anna Popescu | Email |
| John Doe | Email to counsel |

- 4 -

Dated: September 12, 2025    Prepared By:

THE HODA LAW FIRM, PLLC

*[signature]*

Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
Alexander Crous, Esq.
Tx. Bar No. 24136488
3120 Southwest Fwy
Ste 101, PMB 51811
Houston, TX 77080
marshal@thehodalawfirm.com
alex@thehodalawfirm.com
(832) 848-0036

*Attorneys for Plaintiffs*

- 4 -