IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| Bruce Cohn,<br><br>        *Plaintiff,*<br><br>   v.<br><br>Anna Popescu, et al.,<br><br>        *Defendants.* | Civil Action No. 1:24-cv-00337-MJT |

**DEFENDANT JOHN DOE'S MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT**

**PILLSBURY WINTHROP SHAW
PITTMAN LLP**

David Oliwenstein
Max A. Winograd
Andrew Wiktor
31 West 52nd Street
New York, New York 10019-6131
Tel.: (212) 858-1000
Fax.: (212) 858-1500

William Wood
609 Main Street
Suite 2000
Houston, Texas 77002
Tel.: (713) 276-7600
Fax.: (713) 276-7673

*Attorneys for Defendant John Doe*

# TABLE OF CONTENTS

**Page**

Table of Authorities.................................................................................................ii

Preliminary Statement ...........................................................................................1

Statement of Facts..................................................................................................3

Argument.................................................................................................................5

    I.   The Complaint Does Not Provide Any Basis to Assert Personal Jurisdiction Over Mr. Sun and Should Be Dismissed Pursuant to Rule 12(b)(2)...................................5

    II.  The Complaint Should Be Dismissed for Improper Venue Pursuant to Rule 12(b)(3) .......7

    III. The Complaint Fails to State a Claim Against Mr. Sun and Should be Dismissed Pursuant to Rule 12(b)(6)..............................................................................................9

        A.  Plaintiff's RICO Claims Are Deficient and Must Be Dismissed ................................11

            i.   The Complaint Does Not Allege that Mr. Sun Participated in a RICO Enterprise **11**

            ii.  The Complaint Fails to Plead a Pattern of Racketeering Activity ........................12

            iii. The Complaint Does Not Allege the Existence of an Enterprise .........................14

        B.  Plaintiff's State Law Claims Are Deficient and Must Be Dismissed ..........................16

Conclusion...............................................................................................................20

## TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................ ***passim***

*Ass'n of Am. Physicians and Surgeons Educ. Found. v. Am. Board of Internal Med.*,
   No. 22-cv-00240, 2025 WL 1918743 (S.D. Tex. July 11, 2025) .................................. **7**

*Atkinson v. Anadarko Bank & Tr. Co.*,
   808 F.2d 438 (5th Cir. 1987) ................................................................................... **15**

*Bounds v. Smith*,
   430 U.S. 817 (1977) ................................................................................................ **9**

*Bowers v. Bowers*,
   No. 03-23-00436-CV, 2025 WL 1837553 (Tex. App. July 3, 2025)........................ **19**

*Bristol-Myers Squibb Co. v. Superior Ct.*,
   582 U.S. 255 (2017) ................................................................................................ **5**

*Bustos v. Invierte En Texas, LLC*,
   No. 22-CV-02690, 2024 WL 3364039 (S.D. Tex. June 3, 2024) ............................ **13**

*Calder v. Jones*,
   465 U.S. 783 (1984) *cert. denied*, No. 25-204, 2025 WL 2949580 (Oct. 20, 2025) ................ **6**

*Camacho v. JLG Indus. Inc.*,
   93 Cal. App. 5th 809 (4th Dist. 2023) .................................................................... **19**

*United States ex rel. Colquitt v. Abbott Labs*,
   858 F.3d 365 (5th Cir. 2017) .................................................................................. **14**

*Cypress Creek EMS v. Dolcefino*,
   548 S.W.3d 673 (Tex. App. 2018) .......................................................................... **19**

*D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*,
   98 F.4th 198 (5th Cir. 2024) *cert. denied*, 145 S. Ct. 264 (2024) ...................... **12, 13**

*D&T Partners v. Baymark Partners LP*,
   No. 3:21-CV-1171-B, 2022 WL 13829913 (N.D. Tex. Oct. 21, 2022)................... **13**

*Davis-Lynch, Inc. v. Moreno*,
   667 F.3d 539 (5th Cir. 2012) .................................................................................. **11**

*Domain Prot., LLC v. Sea Wasp, LLC*,
   426 F. Supp. 3d 355 (E.D. Tex. 2019), *aff'd*, 23 F.4th 529 (5th Cir. 2022) ............................ **18**

*Dragoslavic v. Ace Hardware Corp.*,
   274 F. Supp. 3d 578 (E.D. Tex. 2017) ....................................................**14**

*Dtex, LLC v. BBVA Bancomer, S.A.*,
   405 F. Supp. 2d 639 (D.S.C. 2005) ....................................................**13**

*Dutra Grp. v. Nat'l Labor Rels. Bd.*,
   No. 25-cv-90, 2025 WL 2470079 (E.D. Tex. Aug. 27, 2025)...................**8**

*Ethridge v. Samsung SDI Co.*,
   137 F.4th 309 (5th Cir. 2025) ....................................................**5, 6, 7**

*Finton Constr., Inc. v. Bidna & Keys, APLC*,
   238 Cal. App. 4th 200 (4th Dist. 2015)....................................................**19**

*First United Pentecostal Church v. Parker*,
   514 S.W.3d 214 (Tex. 2017)....................................................**20**

*Gage v. Somerset Cnty.*,
   322 F. Supp. 3d 53 (D.D.C. 2018) ....................................................**9**

*Havalimane v. Up-Business.Top*,
   No. 25-cv-236, 2025 WL 1538744 (E.D. Tex. May 28, 2025) ...................**8, 9**

*IAS Servs. Grp., L.L.C. v. Jim Buckley & Assocs., Inc.*,
   900 F.3d 640 (5th Cir. 2018) ....................................................**18**

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ....................................................**7**

*Johnson v. Multidata Sys. Int'l Corp.*,
   523 F.3d 602 (5th Cir. 2008) ....................................................**7**

*Kremen v. Cohen*,
   337 F.3d 1024 (9th Cir. 2003) ....................................................**18**

*Lueter v. State of California*,
   94 Cal. App. 3rd 1285, 1302-03 (3d Dist. 2002)....................................................**18**

*In re MasterCard Int'l Inc.*,
   313 F.3d 257 (5th Cir. 2002) ....................................................**11**

*Meeker v. Meeker*,
   2004 WL 2554452 (N.D. Cal. Nov. 10, 2004) ....................................................**18**

*Mink v. AAAA Dev., LLC*,
   190 F.3d 333 (5th Cir. 1999) ....................................................**5**

*Naranjo v. Thompson*,
　809 F.3d 793 (5th Cir. 2015) ........................................................................9

*O'Dell v. Aya Healthcare, Inc.*,
　2023 WL 3134173 (S.D. Cal. Apr. 27, 2023) ...............................................16

*Outlaw Lab., LP v. Shenoor Enter., Inc.*,
　371 F. Supp. 3d 355 (N.D. Tex. 2019) ..........................................................17

*Payne v. Grayco Cable Servs., Inc.*,
　No. 11-cv-487, 2011 WL 13076902 (E.D. Tex. Dec. 8, 2011) .....................9

*Pearson v. Shriners Hosps. for Child., Inc.*,
　133 F.4th 433 (5th Cir. 2025) ........................................................................6

*Peel v. CPaperless*,
　LLC, No. 23-CV-02417, 2024 WL 5058609 (S.D. Tex. Nov. 8) .................13

*Pervasive Software, Inc. v. Lexware GmbH & Co. KG*,
　688 F.3d 214 (5th Cir. 2012) ........................................................................5

*Quick Techs., Inc. v. Sage Grp. PLC*,
　313 F.3d 338 (5th Cir. 2002) ........................................................................5

*Reves v. Ernst & Young*,
　507 U.S. 170 (1993) ....................................................................................11

*Schlaifer Nance & Co. v. Est. of Warhol*,
　119 F.3d 91 (2d Cir. 1997) ..........................................................................13

*Seville v. Maersk Line, Ltd.*,
　53 F.4th 890 (5th Cir. 2022) ..........................................................................9

*Shook v. TransUnion, Inc.*,
　No. 19-13087, 2020 WL 1471675 (E.D. La. Mar. 26, 2020) .......................9

*Smith v. Aegon USA, L.L.C.*,
　No. 24-60115, 2025 WL 1355137 (5th Cir. 2025) ........................................5

*Spence v. Glock, Ges.m.b.H.*,
　227 F.3d 308 (5th Cir. 2000) ........................................................................17

*St. Germain v. Howard*,
　556 F.3d 261 (5th Cir. 2009) ..................................................................11, 12

*Superclinics USA, Inc. v. JPMorgan Chase Bank, N.A.*,
　23-cv-00699, 2023 WL 5007873 (C.D. Cal. Aug. 4, 2023) ........................20

*United States v. Turkette*,
   452 U.S. 576 (1981) ..............................................................................................**15**

*Vine v. PLS Fin. Servs., Inc.*,
   331 F.R.D. 325 (E.D. Tex. 2019), *aff'd*, 807 F. App'x 320 (5th Cir. 2020)..........................**16**

*Walker v. Beaumong Indep. Sch. Dist.*,
   938 F.3d 724 (5th Cir. 2019) ..................................................................................**16**

*Ward v. Nierlich*,
   617 F. Supp. 2d 1226 (S.D. Fla. 2008) ....................................................................**13**

*Whelan v. Winchester Prod. Co.*,
   319 F.3d 225 (5th Cir. 2003) .....................................................................**14, 15, 16**

*United States ex rel. Willard v. Humana Health Plan*,
   336 F.3d 375 (5th Cir. 2003) .............................................................................**10, 14**

*Williams v. WMX Techs., Inc.*,
   112 F.3d 175 (5th Cir. 1997) .............................................................................**14, 16**

<u>Statutes and Codes</u>

United States Code
   Title 18 Section 1961(4) .......................................................................................**15**
   Title 18 Section 1962(c) ..................................................................................*passim*
   Title 18 Section 1962(d) ....................................................................................**4, 11**
   Title 28 Section 1391(b) .........................................................................................**8**
   Title 28 Section 1391(b)(2) .....................................................................................**8**
   Title 28 Section 1404(a) .........................................................................................**8**

<u>Rules and Regulations</u>

Federal Rules of Civil Procedure
   Rule 8 ...............................................................................................................**10**
   Rule 9 ..............................................................................................................**2, 12**
   Rule 9(b) .......................................................................................................*passim*
   Rule 12(b)(2) ...................................................................................................**1, 5**
   Rule 12(b)(3) ...................................................................................................**1, 7**
   Rule 12(b)(6) ...................................................................................................**1, 9**

Defendant John Doe, Wei-Ning Sun,[1] respectfully moves pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff Bruce Cohn's Third Amended Complaint.

## PRELIMINARY STATEMENT

Plaintiff brings this litigation against a litany of individuals and entities in an effort to seek redress for allegedly being defrauded out of $2.4 million. Against one of those Defendants—Wei-Ning Sun—Plaintiff asserts two factual allegations. The first is that Mr. Sun is the owner of crypto assets that at one point belonged to Plaintiff. The second is that Mr. Sun's Taiwanese counsel and Plaintiff's counsel once had a conversation.

On that basis, and on that basis alone, Plaintiff seeks to compel Mr. Sun to travel nearly 8,000 miles from his home in Taipei, Taiwan to defend himself in a courtroom in Beaumont, Texas, against a complaint that does not accuse him of any wrongdoing or have anything to do with Texas. Despite four bites at the apple, Plaintiff's Third Amended Complaint: (1) provides no basis for the Court to assert jurisdiction over Mr. Sun; (2) lacks any factual basis to justify Plaintiff's selection of the Eastern District of Texas as a proper venue; and (3) fails to state a claim for relief against Mr. Sun.

On jurisdiction, Plaintiff's effort to haul Mr. Sun across the world into a Beaumont courthouse stretches the Due Process Clause far beyond its limits. The Third Amended Complaint contains one paragraph—Paragraph 13—that purports to address personal jurisdiction. The bulk of that paragraph parrots legal standards that govern the jurisdictional analysis. And the remainder of it—which makes conclusory references to an alleged fraudulent website and a mobile application—constitutes quintessential group pleading. None of the assertions in that paragraph—

---

[1] While Mr. Sun is referred to as "John Doe" in the case caption, he is a Taiwanese national named Wei-Ning Sun, and his identity is now known to Plaintiff.

or anywhere else in the Third Amended Complaint—comes close to supporting the exercise of personal jurisdiction over Mr. Sun.

Mr. Sun does not reside in the United States, has never traveled to the United States, and does not conduct business in the United States, so it is not surprising that Plaintiff was unable to allege any facts that would justify the exercise of jurisdiction over him.  It is equally unsurprising that the Third Amended Complaint lacks any allegations to support Plaintiff's curious choice of venue.  Plaintiff resides far from this district, in California.  Mr. Sun resides even farther, on another continent.  And there is no allegation that *any* part of the factual basis for this lawsuit—let alone the requisite "substantial" part—occurred in the Eastern District of Texas.  While it may have been convenient for Plaintiff's counsel to file this lawsuit in this Court because his office is located in this District, the federal venue statute does not permit him to do so.

The constitutional constraints that prevent individuals from being forced to litigate in a foreign forum with which they have no connections compel dismissal of this litigation on jurisdictional grounds.  But the Third Amended Complaint fares no better on the merits.  Plaintiff asserts six claims against Mr. Sun, each of which sounds in fraud.  The essence of Rule 9(b)'s heightened pleading requirement, applicable to each claim against Mr. Sun, is that serious charges require serious factual allegations in support.  That support is lacking here.  While the Third Amended Complaint freely brands Mr. Sun a fraudster, it does so based entirely on the allegations that Mr. Sun received crypto assets and that, after Plaintiff filed this lawsuit, lawyers for two parties had a conversation.  *Iqbal* and Rule 9 require more.

Mr. Sun has no basis on which to deny that Plaintiff may have suffered injuries as a result of certain events alleged in this litigation.  But the law does not provide a remedy against Mr. Sun for the sole act of allegedly receiving crypto assets that Plaintiff once allegedly owned.  Nor does

2

it require Mr. Sun to travel thousands of miles from home to defend himself in a foreign forum with which he has zero connections. We respectfully request that the Third Amended Complaint against Mr. Sun be dismissed with prejudice.

## STATEMENT OF FACTS

Plaintiff resides in Encinitas, California. Compl. ¶ 5.[2] In June 2024, he met a person who identified herself as Anna Popescu on a dating website. *Id.* ¶ 14. Defendant Popescu, "who claims to be a citizen of Romania," *id.* ¶ 6, allegedly encouraged and "trained" Plaintiff to trade in crypto assets using a platform called TrustHFTwallet. *Id.* ¶¶ 15-16. Over time, Plaintiff used TrustHFTwallet to deposit more than $2.4 million. *Id.* However, Plaintiff was unable to withdraw his funds, and he came to believe he was a victim of a pig-butchering scam. *Id.* ¶¶ 17-18. A "blockchain tracing report" purportedly shows that Defendants "began moving" Plaintiff's assets "through the blockchain," including $2.07 million to Zedxion Exchange Ltd. ("Zedxion"), which Plaintiff claims is a fraudulent entity. *Id.* ¶¶ 20-22. Plaintiff's assets were subsequently transferred to the six blockchain addresses that Mr. Sun owns. *Id.* ¶¶ 30-31.

On August 14, 2024, Plaintiff initiated this lawsuit, naming various Defendants, including Zedxion, "a decentralized cryptocurrency exchange registered in the United Kingdom"; Elizabeth Newman, "the Director of Zedxion" and a "citizen of the Dominican Republic [who] resides in Dubai, UAE"; a Macau resident; and John Doe, "the owner and person in control of the six blockchain addresses." *Id.* ¶¶ 7-10.

The Third Amended Complaint contains just two factual allegations that refer specifically to Mr. Sun: (1) "Defendant John Doe is the owner and person in control of the six blockchain addresses in rem," *id.* ¶ 10; and (2) "[c]ounsel for John Doe contacted Mr. Cohn's counsel." *Id.*

---

[2] This Statement of Facts is based on the assertions in the Third Amended Complaint. Mr. Sun recognizes that, for purposes of this Motion, the Court must accept all well-pled factual allegations as true.

¶ 32.   Beyond those two alleged facts, the only references to Mr. Sun are in the form of legal conclusions, *see, e.g.*, *id.* (alleging John Doe "is a co-conspirator in the TrustHFTWallet scam"), and group pleading, *see, e.g.*, *id.* ¶ 59 ("As a direct and proximate result of the Zedxion Defendants' and John Doe's knowing assistance in the conversion, Mr. Cohn suffered damages, including the loss of his assets."); *see also id.* ¶¶ 34, 43, 56-58, 61, 66-70, 72.  The Third Amended Complaint does not allege that Mr. Sun was involved in the alleged fraud, what role he played, or that he has ever been to Texas or the United States.  None of these Defendants resides in Texas.

Notwithstanding the scant allegations vis-à-vis Mr. Sun, the Third Amended Complaint asserts six counts against him: a Racketeer Influenced and Corrupt Organizations Act ("RICO") violation under 18 U.S.C. § 1962(c), a RICO conspiracy violation under 18 U.S.C. § 1962(d), conversion, aiding-and-abetting conversion, fraud, and aiding-and-abetting fraud.

On August 14, 2024, almost a year before Mr. Sun learned of this lawsuit, Plaintiff petitioned for an *ex parte* temporary restraining order ("TRO"), which was granted that same week. ECF Nos. 4-6.  The TRO was extended two weeks later, on August 30, 2024, ECF No. 8, and converted into a preliminary injunction on September 13, 2024.  ECF No. 15.  The Court then amended the preliminary injunction on October 16, 2024, ECF No. 18, and entered a second preliminary injunction on December 10, 2024.  ECF No. 21.  Plaintiff amended his complaint twice, *see* ECF Nos. 23, 31, and then filed another motion for a preliminary injunction on June 18, 2025.  ECF No. 47.  The Court granted that motion on June 25, 2025, ECF No. 51, and Mr. Sun's assets in the six blockchain accounts at issue—which collectively contain approximately $5 million in crypto assets (i.e., roughly double the amount of money Plaintiff alleges he sent to Defendant Popescu)—were frozen shortly thereafter.  *See* Compl. ¶ 31.

Mr. Sun's Taiwanese counsel reached out to Plaintiff's counsel regarding the injunction

and this litigation.  *Id.* ¶ 32.  Following that discussion, Plaintiff amended his complaint for a third

time on September 5, 2025 to add Mr. Sun, who is named as "John Doe."  ECF No. 70.

## ARGUMENT

The Third Amended Complaint should be dismissed for three independent reasons.  First,

Plaintiff has not pled any facts to suggest this Court has personal jurisdiction over Mr. Sun, nor

can he.  *See infra* Section I.  Second, Plaintiff has not pled any facts to suggest any Defendant

resides in, or is subject to personal jurisdiction in, the Eastern District of Texas, nor that any of the

events at issue took place within this District.  Accordingly, venue is improper.  *See infra* Section II.

Third, Plaintiff's allegations that Mr. Sun may have received certain crypto assets and that

Plaintiff's counsel had a discussion with Mr. Sun's Taiwanese counsel do not give rise to any cause

of action.  Plaintiff therefore fails to state a claim for relief against Mr. Sun.  *See infra* Section III.

## I.    The Complaint Does Not Provide Any Basis to Assert Personal Jurisdiction Over Mr. Sun and Should Be Dismissed Pursuant to Rule 12(b)(2)

Personal jurisdiction is a threshold issue that must be decided before the merits.  *See Smith*

*v. Aegon USA, L.L.C.*, No. 24-60115, 2025 WL 1355137, at *2 n.5 (5th Cir. 2025) (citing *Pervasive*

*Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 231-32 (5th Cir. 2012)).  When a

defendant challenges personal jurisdiction, "the plaintiff 'bears the burden of establishing the

district court's jurisdiction over the defendant.'"  *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d

338, 343 (5th Cir. 2002) (quoting *Mink v. AAAA Dev., LLC*, 190 F.3d 333, 335 (5th Cir. 1999)).

There are "two forms of personal jurisdiction: general and specific."  *Ethridge v. Samsung SDI*

*Co.*, 137 F.4th 309, 314 (5th Cir. 2025).  General jurisdiction only exists where a defendant is

domiciled.  *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017).  To demonstrate

specific personal jurisdiction, "three conditions must be met: (1) the defendant purposefully

availed [himself] of the privilege of conducting activities in the forum State, (2) the plaintiff's

claim arises out of or relates to those purposeful contacts with the forum, and (3) the exercise of personal jurisdiction must be fair and reasonable." *Ethridge*, 137 F.4th at 314.

Plaintiff has not pled facts to show that this Court has either general or specific personal jurisdiction over Mr. Sun.  There is no allegation whatsoever about Mr. Sun's domicile and therefore no basis for general jurisdiction. *Id.*  With respect to the first prong of *Ethridge*'s specific jurisdiction test, the Third Amended Complaint contains no allegations that Mr. Sun has contacts with Texas or the United States, communicated with Texas or U.S. residents, or made any effort to reach into Texas in any way.  The Third Amended Complaint also fails the second prong; Plaintiff cannot assert his claims arise out of or relate to Mr. Sun's contacts with Texas or the United States, because no such contacts exist. *Id.*

The entirety of Plaintiff's assertion regarding jurisdiction comes from one paragraph of the Third Amended Complaint:

> Each of the Defendants are subject to the personal jurisdiction of this Court because they direct business activities towards and conduct business with consumers throughout the United States, including within the State of Texas and this district through at least one fraudulent website and mobile application accessible from Texas. Alternatively, the Defendants are subject to personal jurisdiction in this district because (i) they are not subject to jurisdiction in any state's court of general jurisdiction and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.  Compl. ¶ 13.

This, however, is impermissible group pleading.  Plaintiff has lumped each Defendant together in an attempt to assert personal jurisdiction over all of them.  But "[e]ach defendant's contacts with the forum state must be assessed individually." *Pearson v. Shriners Hosps. for Child., Inc.*, 133 F.4th 433, 442 (5th Cir. 2025) (quoting *Calder v. Jones*, 465 U.S. 783, 790 (1984) *cert. denied*, No. 25-204, 2025 WL 2949580 (Oct. 20, 2025)).  Plaintiffs may not aggregate defendants' forum contacts and may not establish personal jurisdiction without specifying who did what. *Id.*  But that is exactly what Plaintiff attempts to do here.  Whether in Paragraph 13 or elsewhere, the Third

Amended Complaint contains no non-conclusory allegation to support the exercise of jurisdiction as to Mr. Sun. The two facts alleged with respect to Mr. Sun specifically are that: (1) he owns certain blockchain addresses and (2) his lawyer contacted Plaintiff's lawyer. Neither allegation is of any jurisdictional relevance.

Finally, with respect to *Ethridge*'s third prong, exercise of jurisdiction over Mr. Sun would be neither fair nor reasonable. While "Texas has an interest in maintaining a forum for its citizens who are injured within the State," *Ethridge,* 137 F.4th at 314, "Texas does not have an interest in out-of-state plaintiffs litigating against out-of-state defendants in Texas," *Ass'n of Am. Physicians and Surgeons Educ. Found. v. Am. Board of Internal Med.*, No. 22-cv-00240, 2025 WL 1918743, at *2 n.4 (S.D. Tex. July 11, 2025) *R. & R. adopted*, 2025 WL 2147377 (S.D. Tex. July 29, 2025). Here, Texas has no connection to this dispute—neither Plaintiff nor any Defendant is a Texas resident, nor has any of the alleged conduct occurred within the state. In addition, "a severe burden would be placed on [Mr. Sun] if [he] is forced to defend [him]self in Texas." *Johnson v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 617 (5th Cir. 2008) (finding Texas court did not have jurisdiction over Canadian defendant). Hauling Mr. Sun thousands of miles from his home to defend himself in a lawsuit that brands him a fraudster just so he can unfreeze his assets does not "accord with 'traditional notions of fair play and substantial justice.'" *Ethridge*, 137 F.4th at 314 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Mr. Sun has no connection to the United States, and he should not be "commanded to traverse the distance between [Taipei and Beaumont] and to submit [him]self to a foreign nation's judicial system." *Johnson*, 523 F.3d at 616. Accordingly, the claims against Mr. Sun should be dismissed for lack of personal jurisdiction.

## II. The Complaint Should Be Dismissed for Improper Venue Pursuant to Rule 12(b)(3)

When a defendant challenges venue, as Mr. Sun does here, "the plaintiff bears the burden

of proof to establish that the venue it chose is proper." *Dutra Grp. v. Nat'l Labor Rels. Bd.*, No. 25-cv-90, 2025 WL 2470079, at *4 (E.D. Tex. Aug. 27, 2025) (collecting cases). Venue is proper in a district in which: (1) all defendants reside; (2) a substantial part of the events or omission giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or, in the alternative, (3) any defendant is subject to the court's personal jurisdiction with respect to such action. *See* 28 U.S.C. § 1391(b).

Here, Plaintiff has not alleged that any party resides in Texas. Plaintiff resides in Encinitas, California, Compl. ¶ 5, and there is no allegation that any Defendant has a connection to Texas. Thus, the relevant venue inquiry is whether "a substantial part of the events or omissions giving rise" to Plaintiff's claims occurred in the Eastern District of Texas. *See* 28 U.S.C. § 1391(b)(2). None has. There is not a single non-conclusory allegation that any event—much less the requisite "substantial part of the events"—occurred in Texas.

In *Havalimane v. Up-Business.Top*, the same counsel representing Plaintiff in this lawsuit brought another lawsuit concerning "a purported 'pig-butchering' scheme" in this District, even though "[t]he Eastern District of Texas . . . seemingly ha[d] no ties" to the case. No. 25-cv-236, 2025 WL 1538744, at *1 (E.D. Tex. May 28, 2025).[3] There, Judge Crone transferred venue *sua sponte* under 28 U.S.C. § 1404(a) to the Southern District of Texas where plaintiff resided and which had "a localized interest in having the case decided." *Id*. at *2, 4. Just as in *Havalimane*, Plaintiff here resides in another district, and there is no tie between this case and the Beaumont Division of the Eastern District of Texas.

---

[3] The Third Amended Complaint's only apparent "connection" to the Eastern District of Texas is the residence of Plaintiff's counsel. That fact is irrelevant to the venue inquiry. In *Havalimane*, Judge Crone observed that Plaintiff's counsel has "filed approximately nine other cases with similar facts in the Beaumont Division. Notably, the vast majority of those cases also lack any meaningful connection to this district or division." *Havalimane*, 2025 WL 1538744, at *4.

While the *Havalimane* court opted to transfer the matter to another district, that is not the proper remedy here for at least four reasons. *First*, because the Court lacks personal jurisdiction over Mr. Sun, this matter should be dismissed as to Mr. Sun on that basis. *See supra* Section I; *see also Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) ("Appellant failed to carry her burden to show transfer was warranted here. That's because (1) [appellee] is not subject to personal jurisdiction in the Eastern District of Louisiana and (2) that fact was entirely foreseeable to any attorney exercising any amount of diligence."). *Second*, the *Havalimane* court transferred that matter to a United States District Court that would presumably be able to exercise jurisdiction over defendant. Because no such court has jurisdiction over Mr. Sun, transferring this lawsuit— at least before dismissing the claims brought against Mr. Sun—would be futile. It would also be futile because, *third*, the Third Amended Complaint fails to state a claim against Mr. Sun. *See infra* Section III. And *fourth*, dismissal (rather than transfer) is appropriate where, as here, Plaintiff had "no valid grounds for pursuing his suit here in the first place." *Gage v. Somerset Cnty.*, 322 F. Supp. 3d 53, 58 (D.D.C. 2018); *see also Shook v. TransUnion, Inc.*, No. 19-13087, 2020 WL 1471675, at *5 (E.D. La. Mar. 26, 2020) ("Because Shook did not exercise reasonable diligence" when she filed "in the wrong venue, transfer is not in the interest of justice, and her motion to transfer is denied."). The Third Amended Complaint should therefore be dismissed. *Payne v. Grayco Cable Servs., Inc.*, No. 11-cv-487, 2011 WL 13076902, at *3 (E.D. Tex. Dec. 8, 2011).[4]

## III.   The Complaint Fails to State a Claim Against Mr. Sun and Should be Dismissed Pursuant to Rule 12(b)(6)

Even if Plaintiff could somehow get around the fact that the Court lacks personal

---

[4] Mr. Sun recognizes that this Court has spent considerable time adjudicating this action. However, this Court has thus far only heard one side of the story. Plaintiff's allegations as to personal jurisdiction, venue, and the merits have gone unchallenged, and the Court has been unable to benefit from adversarial litigation. *See Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015) (extolling "the benefit of an adversary presentation" (quoting *Bounds v. Smith*, 430 U.S. 817, 826 (1977))).

jurisdiction over Mr. Sun *and* that venue is improper, Plaintiff has not stated a claim against Mr. Sun upon which relief can be granted.

Under the Rule 8 pleading standard, the Third Amended Complaint must "state a claim to relief that is plausible on its face," accepting all facts as true but not "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted). Under Rule 9(b), actions sounding in fraud must meet a higher bar, as "the circumstances constituting fraud or mistake shall be stated with particularity." *United States ex rel. Willard v. Humana Health Plan*, 336 F.3d 375, 384 (5th Cir. 2003) (citation omitted). That "requires that the plaintiff allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, when, where and how' of the alleged fraud." *Id.* (internal citations and quotation marks omitted).

Once the Third Amended Complaint is carefully parsed to separate the sparse factual allegations from the paragraphs of legal conclusions, it is evident that Plaintiff pleads only two facts as to Mr. Sun. Those facts are: (1) Mr. Sun owns six wallets that, following a series of transactions, received Plaintiff's crypto assets and (2) counsel for Mr. Sun contacted Plaintiff's counsel. These two factual allegations, upon which Plaintiff's Third Amended Complaint rests, are insufficient to state a claim under both *Iqbal* and the Rule 9(b) standard, which governs all six causes of action that Plaintiff asserts against Mr. Sun. The remaining references to Mr. Sun constitute legal conclusions, impermissible group pleading, or both. Accordingly, the claims against Mr. Sun fail as a matter of law.

### A.  Plaintiff's RICO Claims Are Deficient and Must Be Dismissed

Plaintiff's first two counts are brought under the RICO statute.[5]  A properly pled RICO claim must establish three elements: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009).  Failure to meet just one element is enough to defeat a RICO claim, and the Third Amended Complaint fails with respect to all three.

### i.    The Complaint Does Not Allege that Mr. Sun Participated in a RICO Enterprise

An individual is not liable under § 1962(c) "unless [he] has participated in the operation or management" of a RICO enterprise.  *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993); *In re MasterCard Int'l Inc.*, 313 F.3d 257, 261 (5th Cir. 2002) (affirming dismissal of RICO claims).  Nothing in the Third Amended Complaint comes close to an allegation that Mr. Sun participated in a RICO enterprise.  Indeed, as discussed below (*see infra* Section III.A.iii), because Plaintiff has not alleged the *existence* of a RICO enterprise, there is nothing in which Mr. Sun could have *participated*.

Of course, holding a defendant liable requires more than the existence of an enterprise— it requires that the defendant participate in the enterprise's activities.  Here, there are no allegations that suggest Mr. Sun participated in anything, let alone a RICO enterprise.  Plaintiff's allegation that Mr. Sun eventually received illicit crypto assets does not demonstrate his participation.  *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 551-52 (5th Cir. 2012) (holding that the receipt of "funds or materials on its own, without more, does not show that [a defendant] actually operated the scheme to obtain those funds or materials").  There is simply no allegation

---

[5]  Plaintiff's two RICO counts are under § 1962(c) and § 1962(d), respectively.  Because the § 1962(d) count alleges a conspiracy to violate § 1962(c), the two counts are addressed together.

in the Third Amended Complaint to enable the Court to conclude that Mr. Sun participated in an alleged RICO enterprise.

      ii.     The Complaint Fails to Plead a
              Pattern of Racketeering Activity

To satisfy the pattern element, a complaint must plead at least two predicate acts. Plaintiff has failed to do so for two reasons. First, the Third Amended Complaint only purports to allege one act. And second, even that one act has not been pled in a matter that complies with *Iqbal* or Rule 9. Effectively, Plaintiff has pled zero predicate acts, and his RICO claim must be dismissed.

Plaintiff's allegation of one instance of fraud (in which Defendant is not even alleged to have participated) does not qualify as a pattern of racketeering activity. *St. Germain*, 556 F.3d at 263. ("A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity."). Consistent with the statutory requirements of § 1962(c), courts "firmly reject[] RICO liability where the alleged racketeering acts, taken together, comprise a single effort to facilitate a single financial endeavor." *D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198, 207 (5th Cir. 2024) (cleaned up and citations omitted) *cert. denied*, 145 S. Ct. 264 (2024). That is precisely what is alleged here: a single endeavor to defraud one individual.

Perhaps in recognition of the reality that the one fraud alleged in the Third Amended Complaint (however insufficiently) does not give rise to a RICO violation, Plaintiff attempts to salvage his RICO claim in two ways. One, Plaintiff asserts that the sole alleged fraud should be bifurcated into a wire fraud and a separate money-laundering violation. Two, Plaintiff asserts— without any factual allegations in support—that one Defendant in this action (but not Mr. Sun) received illicit funds from other individuals. Both efforts fail.

Starting with the first effort, Plaintiff's attempt to split an alleged singular act into two by

characterizing one component of the act as "wire fraud," *see* Compl. ¶ 35 (inducing Plaintiff to transmit his property to Defendants), and another component as "money laundering," *see id.* ¶ 36 (transferring the transmitted property to others), runs contrary to well-settled principles of RICO jurisprudence.[6]  Plaintiff's approach to his RICO claim is tantamount to an argument that robbing a bank and destroying evidence of the robbery constitute two predicate acts for purposes of a RICO violation.  Not surprisingly, courts consistently reject that approach.  *See, e.g.*, *D&T Partners v. Baymark Partners LP*, No. 3:21-CV-1171-B, 2022 WL 13829913, at *7 (N.D. Tex. Oct. 21, 2022) (quoting *Schlaifer Nance & Co. v. Est. of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997)) ("[C]ourts must take care to ensure that the plaintiff is not artificially fragmenting a singular act into multiple acts simply to invoke RICO."), *aff'd sub nom. D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198 (5th Cir. 2024).[7]

Plaintiff's assertion that "[o]n information and belief, the vast majority" of deposits received by another defendant (not Mr. Sun) "were funds stolen from" other individuals like Plaintiff (Compl. ¶ 29) is likewise insufficient to create a pattern of predicate acts.  This is the precise type of conclusory pleading that *Iqbal* rejects.  *See Iqbal*, 556 U.S. at 681 ("As such, the allegations are conclusory and not entitled to be assumed true.").  Plaintiff's decision to plead this assertion "on information and belief" does not change the reality that this statement is a legal conclusion that does not receive the presumption of truth.  Indeed, where allegations are based on information and belief, a plaintiff's burden is actually higher—not lower—because the complaint "must set forth a factual basis for such

---

[6]  To the extent that Plaintiff attempts to rely on his allegation of "numerous acts of wire fraud" as multiple predicate acts, Compl. ¶ 35, the Third Amended Complaint does not adequately allege distinct incidents of wire fraud.  It merely alleges that "[o]ver time, [Plaintiff] sent assets to TrustHFTwallet with a dollar-denominated value of more than $2,400,000.00."  *Id.* ¶ 16.  In any event, nothing connects Mr. Sun to any of this.

[7]  *See also Bustos v. Invierte En Texas, LLC*, No. 22-CV-02690, 2024 WL 3364039, at *11 (S.D. Tex. June 3, 2024), R. & R. adopted, 2024 WL 3371041 (S.D. Tex. July 9, 2024) (same); *Peel v. CPaperless*, LLC, No. 23-CV-02417, 2024 WL 5058609, at *12 (S.D. Tex. Nov. 8, 2024), R. & R. adopted, 2024 WL 5063667 (S.D. Tex. Dec. 9, 2024) (same); *Dtex, LLC v. BBVA Bancomer, S.A.*, 405 F. Supp. 2d 639, 650 (D.S.C. 2005); *Ward v. Nierlich*, 617 F. Supp. 2d 1226, 1239 n.19 (S.D. Fla. 2008).

belief." *United States ex rel. Willard*, 336 F.3d at 385. Despite Plaintiff's obligation to provide facts "that provide[] the particularity required by Rule 9(b)," the Third Amended Complaint provides no factual basis to support its claim that funds were stolen from other victims. *Id.*[8]

Despite Plaintiff's best efforts to manufacture a pattern, it is evident that the Third Amended Complaint describes one act for purposes of RICO. But even that is inadequately pled. In addition to satisfying the requirements of *Iqbal*, RICO claims premised on fraud must satisfy the heightened pleading standard of Rule 9(b). *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). That is, "claims based in fraud must go further by 'stat[ing] with particularity the circumstances constituting fraud." *Dragoslavic v. Ace Hardware Corp.*, 274 F. Supp. 3d 578, 582 (E.D. Tex. 2017) (alteration in original) (quoting Fed. R. Civ. P. 9(b)). Such allegations "require[], at a minimum, that a plaintiff plead the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Colquitt v. Abbott Labs*, 858 F.3d 365, 371 (5th Cir. 2017). Plaintiff makes no effort to plead with particularity the details of Mr. Sun's alleged fraud, and the RICO claims against him must be dismissed.

      iii.    The Complaint Does Not Allege
                the Existence of an Enterprise

To establish RICO liability, Plaintiff must plead the existence of an enterprise. An enterprise is "a group of persons or entities associating together for the common purpose of engaging in a course of conduct." *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 229 (5th Cir. 2003) (affirming grant of summary judgment to defendant). Although there are different types of enterprises under the statute, the Third Amended Complaint alleges an enterprise "of individuals and legal entities associated in

---

[8]  To the extent that Plaintiff relies on the inference that Zedxion "is a fraudulent entity" with other victims besides Plaintiff, *see* Compl. ¶ 22, there is nothing in the Third Amended Complaint that connects Mr. Sun to Zedxion. The Third Amended Complaint does not, for example, allege a single communication or connection between the two.

fact." Compl. ¶ 34.[9]

When claiming the existence of an association-in-fact enterprise, a plaintiff must make two showings. First, "plaintiff[] must show 'evidence of an ongoing organization, formal or informal, and . . . evidence that the various associates function as a continuing unit." *Atkinson v. Anadarko Bank & Tr. Co.*, 808 F.2d 438, 441 (5th Cir. 1987) (omission in original) (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). Second, a plaintiff must also show that the enterprise "exist[s] separate and apart from the pattern of racketeering activity in which it engages." *Whelan*, 319 F.3d at 229. The Third Amended Complaint fails to make either showing as to Mr. Sun.

*First*, Plaintiff does not allege a connection between Mr. Sun and any other Defendant. Plaintiff alleges that Mr. Sun acquired the "stolen assets" through "outgoing transfers that "were made and traced to the addresses listed in this lawsuit." Compl. ¶ 30. But the Third Amended Complaint lacks any factual basis to connect Mr. Sun to any co-Defendant, and it therefore fails to establish that he is part of any RICO enterprise, to the extent a RICO enterprise is even pled as to other Defendants in the first place.

Again, Plaintiff seeks to rely on improper group pleading to salvage his claim that Mr. Sun is part of a RICO enterprise. Excluding the caption and the causes of action, the Third Amended Complaint uses the phrase "and John Doe" or "along with John Doe" 12 times, tacking Mr. Sun onto assertions about other Defendants. *See* Compl. ¶¶ 21, 56-59, 61, 66-70, 72. Worse, these allegations do not include any factual allegations; they simply recite legal buzzwords. *See, e.g.*, *id.* ¶ 56 (Defendants, "along with John Doe, knowingly and intentionally provided substantial assistance to the TrustHFTWallet scammers. . . ."); ¶ 57 ("Zedxion Defendants and John Doe knowingly allowed the Trust HFTWallet scammers. . . ."). But Plaintiff cannot rely on conclusory

---

[9] Enterprises include "any individual partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

statements or facts about Defendants *generally* to conclude that Mr. Sun *specifically* is part of a RICO enterprise. The Fifth Circuit has held that group pleading is particularly improper with respect to the requirement to plead the existence of a RICO enterprise; Plaintiff "must plead specific facts, not mere conclusory allegations which establish the enterprise" and cannot "lump[ ] together the defendants." *Walker v. Beaumong Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019) (alteration in original) (citation omitted). Plaintiff has not done that here, and his attempt to plead that Mr. Sun is part of an enterprise fails for lack of factual support.

*Second*, Plaintiff's attempt to plead an enterprise also fails because his allegations regarding the existence of an enterprise are entirely coextensive with his allegations regarding predicate acts. *Compare* Compl. ¶¶ 35-36 *with* Compl. ¶¶ 39-41. As a matter of black-letter RICO jurisprudence, that is insufficient. *Whelan*, 319 F.3d at 230 (dismissing RICO claim because plaintiff "fails to demonstrate the existence of an association separate from the predicate acts").

The Third Amended Complaint fails to plead any of the three elements of RICO liability as to Mr. Sun. Plaintiff's RICO claim—along with his corresponding RICO conspiracy claim—must be dismissed.

### B. Plaintiff's State Law Claims Are Deficient and Must Be Dismissed

Plaintiff's state law claims fare no better. As to Mr. Sun, the Third Amended Complaint alleges fraud, conversion, and aiding-and-abetting both fraud and conversion. Each claim fails under both *Iqbal* and Rule 9(b). *See Williams*, 112 F.3d at 177 (holding that "state law claims [that] rely upon the same misrepresentations" as RICO claims must be pled with particularity under Rule 9(b)).

*First*, fraud. "Under California law, 'the elements of fraud . . . are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" *O'Dell v. Aya Healthcare, Inc.*, 2023 WL 3134173, at *5 (S.D. Cal. Apr. 27, 2023) (omission in original); *Vine v.*

*PLS Fin. Servs., Inc.*, 331 F.R.D. 325, 339 (E.D. Tex. 2019), *aff'd*, 807 F. App'x 320 (5th Cir. 2020) (listing elements of common-law fraud under Texas law).[10]  Plaintiff's fraud claim fails because Mr. Sun is not alleged to have made any representation, much less a *mis*representation, or that he did so with scienter or intent to deceive.  *See generally* Compl.

Perhaps in recognition of the reality that he cannot plead in good faith that Mr. Sun made any false representations or acted with scienter, the Third Amended Complaint appears to attribute to Mr. Sun representations made by a co-defendant, Anna Popescu, who allegedly "made numerous false representations to Mr. Cohn."  Compl. ¶ 63.[11]  Again, this is quintessential group pleading, and it is insufficient to state a claim for relief under *Iqbal*.  *Outlaw Lab., LP v. Shenoor Enter., Inc.*, 371 F. Supp. 3d 355, 369 (N.D. Tex. 2019) ("[T]o give the requisite notice to each Defendant, Plaintiff needs to avoid improper 'group pleading' that does not distinguish the conduct of the individual Defendants.").

It also fails to satisfy the applicable heightened pleading standard.  The Third Amended Complaint does not contain a plausible allegation, for example, that Mr. Sun knows Defendant Popescu, either directly or indirectly (notwithstanding unsupported conclusions), much less that he induced her to contact Plaintiff or had anything to do with Plaintiff's communications with her. Plaintiff's fraud claim falls woefully short of satisfying the requirements set forth by Rule 9(b).

Plaintiff's attempt to haul Mr. Sun across the world—and freeze over twice the amount of Mr. Sun's assets that Plaintiff has claimed in losses—based solely on Mr. Sun's receipt of crypto assets

---

[10]  Given that Plaintiff resides in California, that is the only state with any relationship to Plaintiff's allegations, and California law applies to his common law claims.  *See Spence v. Glock, Ges.m.b.H.*, 227 F.3d 308, 311-12 (5th Cir. 2000) (applying Texas's "significant relationship" test to conduct choice-of-law analysis).  However, to the extent the Court applies the law of the forum state, the difference is immaterial, and citations to Texas law are provided for the Court's convenience.

[11]  The Third Amended Complaint is somewhat unclear on this point; the fraud claim, Count V, is pled against Defendant Popescu and Mr. Sun but then discusses "Defendants" as a whole.  Compl. ¶ 63.  But it is clear insofar as it does not raise a particularized allegation of fraud as to Mr. Sun.

highlights the critical gatekeeping function of Rule 9(b).  That function ensures that a plaintiff has a basis in fact before forcing a defendant, via compulsory process, to defend himself against some of the most egregious conduct recognized under tort law.  In that regard, courts have recognized that a mere accusation of fraud—even if ultimately unproven—may impose drastic, life-altering consequences on the accused.  Plaintiff's effort to brand Mr. Sun a fraudster without any trace of factual support underscores the utility of Rule 9(b), and Mr. Sun respectfully asks that the Court enforce the Rule's requirements here.  *See IAS Servs. Grp., L.L.C. v. Jim Buckley & Assocs., Inc.*, 900 F.3d 640, 647 (5th Cir. 2018) ("Rule 9(b) supplements Rule 8(a), in order to provide[ ] defendants with fair notice of the plaintiffs' claims, protect[ ] defendants from harm to their reputation and goodwill, reduce[ ] the number of strike suits, and prevent[ ] plaintiffs from filing baseless claims and then attempting to discover unknown wrongs.") (alterations in original) (internal quotation marks and citations omitted).

*Second*, conversion.  Plaintiff's conversion claim fails because the Third Amended Complaint does not allege that Mr. Sun knowingly received illicit property or that he caused Plaintiff's injury. Each of those defects requires that the conversion claim be dismissed.

To bring a conversion claim, "a plaintiff must show [1] ownership or right to possession of property, [2] wrongful disposition of the property right and [3] damages." *Kremen v. Cohen*, 337 F.3d 1024, 1029 (9th Cir. 2003) (applying California law); *see also Domain Prot., LLC v. Sea Wasp, LLC*, 426 F. Supp. 3d 355, 389 (E.D. Tex. 2019) (applying Texas law), *aff'd*, 23 F.4th 529 (5th Cir. 2022). Plaintiff must also establish proximate cause. *Lueter v. State of California*, 94 Cal. App. 3rd 1285 (3d Dist. 2002) (applying California law); *Domain Protection, LLC*, 426 F. Supp. 3d at 389.  The allegations in the Third Amended Complaint are insufficient to show either  that there has been a conversion or that any such conversion proximately harmed Plaintiff.

For one, the Third Amended Complaint does not allege that Mr. Sun, who merely received

18

funds, wrongfully disposed of Plaintiff's property. Indeed, the Third Amended Complaint does not allege that Mr. Sun committed any wrongful act, which is required for a conversion claim. *Meeker v. Meeker*, 2004 WL 2554452, at *4, 6 (N.D. Cal. Nov. 10, 2004)   While Plaintiff asserts that Mr. Sun received Plaintiff's stolen assets, "merely alleging ownership of [converted property] is insufficient to establish conversion." *Finton Constr., Inc. v. Bidna & Keys, APLC*, 238 Cal. App. 4th 200, 213 (4th Dist. 2015). When a plaintiff does not plausibly allege "that defendants 'knowingly' received stolen property at any time," that plaintiff "fail[s] to 'demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'" *Id.* at 213-14 (citations omitted); *see also Cypress Creek EMS v. Dolcefino*, 548 S.W.3d 673, 686 (Tex. App. 2018) ("[The plaintiff] has not identified any case in which the presumption of receipt was considered as evidence establishing intentional, tortious conduct such as conversion."). Plaintiff only alleges that Mr. Sun controls the blockchain addresses at issue—not that he committed any wrongful act. There are no allegations that Mr. Sun knowingly received converted property. *See generally* Compl. To the contrary, the only allegation that relates—however vaguely—to Mr. Sun's receipt of the assets is that there were "outgoing transfers [that] were made and traced." Compl. ¶ 30. Simply put, there is no allegation that Mr. Sun did anything wrong.

Further, there is no allegation in the Third Amended Complaint that Mr. Sun caused Plaintiff's injury. To the extent that Plaintiff has alleged conversion against any Defendant, that conversion was already completed before Mr. Sun entered the picture. "Proximate cause requires a showing that the alleged wrong was a 'substantial factor in producing the injury.'" *Camacho v. JLG Indus. Inc.*, 93 Cal. App. 5th 809, 817 (4th Dist. 2023) (citation omitted); s*ee also Bowers v. Bowers*, No. 03-23-00436-CV, 2025 WL 1837553, at *9 (Tex. App. July 3, 2025). The Third Amended Complaint contains no

19

allegation about Mr. Sun that predates Plaintiff's alleged injury—his deprivation of funds—and, as a result, the Third Amended Complaint does not contain any basis to assert that Mr. Sun caused Plaintiff's injury.

        *Third*, both of Plaintiff's aiding-and-abetting counts against Mr. Sun must be dismissed. To aid and abet a tort under California law "requires two things: knowledge of the underlying tort and substantial assistance in its commission." *Superclinics USA, Inc. v. JPMorgan Chase Bank, N.A.*, 23-cv-00699, 2023 WL 5007873, at *3 (C.D. Cal. Aug. 4, 2023); *see also First United Pentecostal Church v. Parker*, 514 S.W.3d 214, 224-25 (Tex. 2017) (affirming dismissal of aiding-and-abetting claim based on lack of evidence that alleged abettor "was aware" of principal tortfeasor's "plans or actions until after they had taken place").[12] Even assuming an underlying tort, Plaintiff's aiding-and-abetting claims fail with respect to both elements. First, the Third Amended Complaint is devoid of any non-conclusory allegation that Mr. Sun knew anything about the plans of the alleged principal tortfeasors to defraud Plaintiff or, for that matter, that Mr. Sun *knew the alleged principal tortfeasors at all*. Second, the Third Amended Complaint does not allege that Mr. Sun engaged in any act of substantial assistance. Again, the only acts by Mr. Sun alleged in the Third Amended Complaint are possession of blockchain addresses and retention of an attorney. Plaintiff's aiding and abetting claims against Mr. Sun are legally insufficient and should be dismissed.

## CONCLUSION

        We respectfully request that the Court dismiss Plaintiff's claims against Mr. Sun with prejudice.

---

[12] The Texas Supreme Court "has not expressly decided whether Texas recognizes a cause of action for aiding and abetting." *First United Pentecostal Church*, 514 S.W.3d at 224 ("[W]e will assume, without deciding, that it does.").

Dated: November 10, 2025

Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: <u>*/s/ David Oliwenstein*</u>
    David Oliwenstein
    Max A. Winograd
    Andrew Wiktor
    31 West 52nd Street
    New York, New York 10019-6131
    Tel.: (212) 858-1000
    Fax.: (212) 858-1500
    david.oliwenstein@pillsburylaw.com
    max.winograd@pillsburylaw.com
    andrew.wiktor@pillsburylaw.com

    William Wood
    609 Main Street
    Suite 2000
    Houston, Texas 77002
    Tel.: (713) 276-7600
    Fax.: (713) 276-7673
    william.wood@pillsburylaw.com

    *Attorneys for Defendant John Doe*

21

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a)(3). As such, this document was served on all parties appearing in the above-captioned case who have consented to electronic service via the Court's CM/ECF system on November 10, 2025.


By: */s/ David Oliwenstein*
      David Oliwenstein