IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

BRUCE COHN,                              §
                                         §
    *Plaintiff,*                          §
                                         §
VS.                                      §
                                         §        CIVIL ACTION NO. 1:24-CV-00337
ANNA POPESCU,                            §        JUDGE MICHAEL J. TRUNCALE
TRUSTHFTWALLET.COM,                      §
ZEDXION EXCHANGE LTD, ELIZABETH          §
NEWMAN, and JOHN DOES 1 – 20,            §
                                         §
    *Defendants.*                         §

## ORDER SETTING CIVIL ACTION FOR RULE 16 MANAGEMENT CONFERENCE

This Order shall govern proceedings in this case. The following deadlines are hereby set:

1.    Rule 26(f) Attorney Conference on or before **January 6, 2026.**

2.    Complete initial mandatory disclosures required by this Order: **10 days after deadline for Rule 26(f) Attorney Conference.**

3.    File joint report of attorney conference: **14 days after deadline for Rule 26(f) Attorney Conference.** This should follow initial mandatory disclosures, so a realistic proposal regarding depositions and other discovery can be included.

4.    The case is **SET for a Rule 16 Case Management Conference** on **January 30, 2026 at 10:00 a.m. in Room 221, Jack Brooks Federal Building, 300 Willow Street, Beaumont, Texas**.

    Lead counsel for each party, with authority to bind their respective clients, and all unrepresented parties, shall be present.[1] Continuance of the Management Conference will not be allowed absent a showing of good cause.[2]

## RULE 26(f) ATTORNEY CONFERENCE

    Rule 26(f) requires attorneys of record and all unrepresented parties to confer and attempt in good faith to agree on a proposed Scheduling Order (*see* Appendix 1) and to electronically file a joint report outlining their proposals (see below). The conference may be by telephone.

---

[1] Local counsel may appear in lieu of lead counsel so long as local counsel has sufficient knowledge of the facts and has authority to bind the client.

[2] Before the Case Management Conference, counsel and unrepresented parties should review the most recent versions of the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas. The Local Rules are available on the Eastern District of Texas website (www.txed.uscourts.gov).

Before commencing the Rule 26(f) Attorney Conference, counsel must discuss settlement options with their clients, including whether an offer or demand should be made at the Rule 26(f) Attorney Conference. Counsel should also inquire whether their clients are amenable to trial before a United States Magistrate Judge. Parties willing to consent should file the appropriate form electronically (*see* form on Eastern District of Texas website) as soon as possible, so that the case can be reset for management conference before the magistrate judge to whom the case is assigned.

### <u>INITIAL MANDATORY DISCLOSURES[3]</u>

Initial Mandatory Disclosures pursuant to Rule 26(a)(1) shall be completed not later than ten days after the deadline for the Rule 26 Attorney Conference and shall include the following:

1.  The correct names of the parties to the action.

2.  The name and, if known, the address and telephone number of any potential parties to the action.

3.  The name and, if known, the address and telephone number of persons having knowledge of facts relevant to a claim or defense of any party, a brief characterization of their connection to the case and a fair summary of the substance of the information known by such person. This may be combined with the list of persons required under Rule 26(a)(1)(A)(i) so that two lists are not needed.

4.  The records or the authorizations described in Local Rule CV-34.

5.  A copy of all other documents, electronically stored information, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to a claim or defense of any party. This may be combined with disclosures under Rule 26(a)(1)(A)(ii) so that duplication is avoided. Parties are encouraged to agree upon provision of information by electronic means.

*See* Local Rule CV-26(d) for meaning of "relevant to the claim or defense of any party." **<u>A party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, at a hearing, or in support of a motion.</u>** A party is not excused from making its disclosures because it has not fully completed its investigation of the case.

Early Rule 34 requests may be delivered in compliance with Rule 26(d)(2).  *See* Fed. R. Civ. P. 26(d)(2).  But these requests are not considered served until the Rule 26(f) Attorney Conference has occurred. All other discovery shall not commence until the Rule 26(f) Attorney Conference, (*see* Fed. R. Civ. P. 26(d), 34) except that depositions may be taken by agreement, and Initial Mandatory Disclosure **<u>shall</u>** occur before the Rule 16 Management Conference, so that counsel is in a position to intelligently discuss additional required discovery, and scheduling of the case. Following the Rule 16 Management Conference, the court will enter a Scheduling Order setting deadline controlling disposition of the case.

---

[3] The Court directs all Defendants alleging **qualified immunity** to *Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022). This recent case impacts discovery, including initial disclosures. **You are still expected to attend the case management conference.** There, the Court will consider building in additional time when setting your Scheduling Order to accommodate delayed discovery.

The fact that the Scheduling Order will have a deadline for completion of discovery is **NOT** an invitation, or authorization, to withhold documents or information required to be disclosed as part of initial mandatory disclosures, under the guise of "supplementation." Attorneys are expected to review their clients' files and to conduct at least preliminary interviews of their clients and potential witnesses under their control, so as to fully comply with the Initial Mandatory Disclosure requirements by the deadline set in this Order.

These procedures should allow witnesses to be efficiently deposed, experts to be timely identified and prepared to testify, and any follow-up paper discovery to be completed by the deadline set for completion of discovery. The court expects that, in most cases, after reading the pleadings and reviewing the opposing party's initial disclosures an attorney should be alerted to any remaining information that should have been disclosed. A frank discussion of the issues and discovery during the Rule 26 Attorney Conference should inform counsel about the information that will be provided by agreement and whether there are disputes that should be brought before the court at the Rule 16 Management Conference. A party asserting that any information is confidential should immediately apply to the court for entry of a Protective Order. Unless a request is made for modification, the court will use its standard Protective Order, found on ED Texas website at Judges / Judge Michael Truncale / Standard Forms.

## JOINT CONFERENCE REPORT

The parties must include the following matters in the Joint Conference Report:

1.    A brief factual and legal synopsis of the case.

2.    The jurisdictional basis for this suit.

3.    Confirm that initial mandatory disclosures required by Rule 26(a)(1) and this Order have been completed.

4.    Proposed Scheduling Order deadlines. Appendix 1 has the standard deadlines. Explain any deviations from standard schedule. **Now is the time to inform the court of any special complexities or need for more time before the trial setting.** The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.

5.    If the parties agree that mediation is appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator, and a proposed deadline should be stated. An early date is encouraged to reduce expenses. The court may appoint a mediator upon request.

6.    What changes, if any, should be made to the limitations on discovery imposed by the rules, including number of depositions and interrogatories?

7.    The identity of persons expected to be deposed.

8.    Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

9.      Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502.

10.     Whether any other orders should be entered by the court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).

11.     The expected length of trial and whether it will be to a jury or the bench.

12.     The names of the attorneys who will appear on behalf of the parties at the Management Conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

13.     Any other matters that counsel deem appropriate for inclusion in the Joint Conference Report.

### SAFEGUARDING PERSONAL INFORMATION

The Judicial Conference of the United States has implemented policies to protect sensitive private information about parties, witnesses, and others involved in a civil, criminal, or bankruptcy case. To that end, all documents filed with the court and made available to the public, whether electronically or on paper, should limit certain information as follows:

- for Social Security numbers, use only the last four digits;
- for financial account numbers, use only the last four digits;
- for names of minor children, use only their initials;
- for dates of birth, use only the year; and
- (in criminal cases) for home addresses, use only the city and state.

If such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse unless and until it is redacted. The better practice is for you to avoid introducing this information into the record in the first place. Please take this into account when questioning witnesses or making other statements in court.

**SIGNED this 11th day of December, 2025.**

Michael J. Truncale
United States District Judge

**APPENDIX 1**

**PROPOSED SCHEDULING ORDER DEADLINES**

The following actions shall be completed by the date indicated.[4] The dates indicated are the standard for most cases. Counsel should be prepared to explain the need for requested changes.

| | |
|---|---|
| _____<br>(1 week after mgmt conf.) | Deadline for Motions to Transfer. |
| _____<br>(6 weeks after mgmt conf.) | Deadline to add parties without leave of court. |
| _____ | If parties plan to mediate, state date parties propose. This should be as early as possible, to avoid expense. |
| _____<br>(12 weeks after mgmt conf.) | Deadline for plaintiff(s) to file amended pleadings. A motion for leave to amend is not necessary. |
| _____<br>(14 weeks after mgmt conf.) | Deadline for defendant(s) to file amended pleadings. A motion for leave to amend is not necessary. |
| _____<br>(22 weeks after mgmt conf.) | Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof, pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| _____<br>(28 weeks after mgmt conf.) | Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof, pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| 7 weeks after disclosure of an expert is made | Deadline to object to any other party's expert witnesses. Objections shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. The court will not accept objections to experts filed in any form—i.e., Motions in Limine—after this date.[5]<br><br>Expert reports should include the categories of information set out in Federal Rule of Civil Procedure 26(a)(2)(B)(i)-(vi) and 26(a)(2)(C)(i)-(ii). Challenges to expert reports include those set out in Federal Rule of Evidence 702(a)-(d) and 703. |

---

[4] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Federal Rule of Civil Procedure 6, the effective date is the first federal court business day following the deadline imposed.

[5] This requirement has two goals: (1) to encourage early disclosure of experts so that if one is struck, the party will have time to find another; and (2) to avoid the gamesmanship that has become common as parties attempt to disqualify experts with a Motion in Limine thus distracting opponents during final trial preparations and perhaps even blocking testimony required to establish a claim or defense.

_____
(32 weeks after mgmt conf.)

Deadline for Motions to Dismiss, Motions for Summary Judgment, or other dispositive motions.

_____
(38 weeks after mgmt conf.)

All discovery shall be commenced in time to be completed by this date.

_____
(9 weeks before Final Pretrial)

Notice of intent to offer certified records

_____
(8 weeks before Final Pretrial)

Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases).

To avoid the cost of designating deposition extracts and objecting to same, counsel shall discuss witnesses who have to be presented by deposition. Counsel should agree on a list of witnesses whom each counsel will subpoena, or if beyond the subpoena range (*see* Federal Rule of Civil Procedure 45), whom each counsel will arrange to have present at trial.

_____
(4 weeks before Final Pretrial)

For witnesses who are not going to be called live, oral, and video deposition designations due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and request line and page numbers to be offered. Counsel must consult on any objections, and only those which cannot be resolved shall be presented to the court.[6] The party who filed the initial video deposition designation is responsible for preparation of the final edited video in accordance with all parties' designations, and the court's rulings on objections. (Designations are not to be made for witnesses who will appear live, nor for impeachment on cross-examination.)

_____
(2 weeks before Final Pretrial)

File unresolved objections to oral and video deposition extracts.

_____
(3 weeks before Final Pretrial)

Motions in Limine due.
Deadline to file Joint Final Pretrial Order. (Obtain form for Exhibit List from Eastern District's website; obtain form for Joint Final Pre-Trial Order under the "Standard Forms" tab on Judge Truncale's page.

Go to Judges > Judge Michael J. Truncale > Standard Forms. http://www.txed.uscourts.gov/judge/judge-michael-truncale.

---

[6] Opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The court needs a copy of the pertinent deposition to rule on any objection.

| | |
|---|---|
| _____<br>(2 weeks before Final Pretrial) | Response to Motions in Limine due.[7]<br>File Proposed Jury Instructions/Verdict Form (or Proposed Findings of Fact and Conclusions of Law). |
| Date will be set by court.<br>Usually within 10 days prior to Final Pretrial. | If numerous objections are filed the court may set a hearing to consider all pending motions and objections. |
| _____02/25/2027_____ | 9:00 a.m. - Final Pretrial Conference in Courtroom 2, Jack Brooks Federal Courthouse, 300 Willow Street, Beaumont, Texas. Date parties should be prepared to try the case.  Provide court with two copies of the Exhibit List, using form from District Clerk's Office. Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pretrial Order. |
| _____03/01/2027_____ | 9:00 a.m. – Jury Selection and Trial in Courtroom 2, Jack Brooks Federal Courthouse, 300 Willow Street, Beaumont, Texas. |

---

[7] To save time and space, respond only to items objected to.  All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response.  The parties shall notify the court of all issues which are resolved.