IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| Bruce Cohn,<br><br>   *Plaintiff*,<br><br> v.<br><br>Anna Popescu, et al.,<br><br>   *Defendants*. | Civil Action No. 1:24-cv-00337-MJT |

**DEFENDANT JOHN DOE'S MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS**

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

David Oliwenstein
Max A. Winograd
Andrew Wiktor
31 West 52nd Street
New York, New York 10019-6131
Tel.: (212) 858-1000
Fax.: (212) 858-1500

William D. Wood
609 Main Street
Suite 2000
Houston, Texas 77002
Tel.: (713) 276-7600
Fax.: (713) 276-7673

*Attorneys for Defendant John Doe*

# TABLE OF CONTENTS

**Page**

Preliminary Statement ........................................................................................................... 1

Statement of Facts ................................................................................................................ 2

Legal Standard ..................................................................................................................... 3

**Argument** ............................................................................................................................ 4

    I.   The Likelihood That Mr. Sun, a Foreign National, Will Be Dismissed From This Litigation Is High ................................................................................................... 5

    II.  Plaintiff Will Not Suffer Any Prejudice Due to a Stay, and the Equities Favor a Stay ....... 7

    III. Mr. Sun Will Serve Initial Disclosures Without Waiving His Personal Jurisdiction Defense ................................................................................................................... 8

Conclusion ........................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Exxon Mobil Corp. v. Bonta*,
  No. 25-cv-00011-MJT, ECF No. 80 (E.D. Tex. May 23, 2025) .......................................4, 8, 9

*Fielding v. Hubert Burda Media, Inc.*,
  415 F.3d 419 (5th Cir. 2005) ......................................................................................................5

*Fujita v. United States*,
  416 F. App'x 400 (5th Cir. 2011) ..............................................................................................3

*Nester v. Textron, Inc.*,
  No. A-13-CA-920-LY, 2015 WL 1020673 (W.D. Tex. Mar. 9, 2015) ......................................6

*Palmer v. Idalia Llorens Collection Agency, Inc.*,
  19-cv-00341-MJT (E.D. Tex. Jan. 15, 2020) ECF No. 37 .........................................................9

*Patel v. Qatar Airways Grp. Q.C.S.C.*,
  No. 24-cv-1599, 2025 WL 1673911 (W.D. Tex. May 7, 2025) .................................................6

*Petrus v. Bowen*,
  833 F.2d 581 (5th Cir. 1987) ......................................................................................................3

*Ruhrgas AG v. Marathon Oil Co.*,
  526 U.S. 574 (1999) ...................................................................................................................5

*Serafine v. Abbott*,
  No. 20-CV-1249, 2021 WL 5908618 (W.D. Tex. Dec. 13, 2021) ........................................3, 4

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*,
  482 U.S. 522 (1987) ...................................................................................................................6

*Wyatt v. Kaplan*,
  686 F.2d 276 (5th Cir. 1982) ......................................................................................................6

### Rules and Regulations

Federal Rules of Civil Procedure
  Rule 8 ..........................................................................................................................................2
  Rule 9(b) .....................................................................................................................................2
  Rule 16 ........................................................................................................................................9
  Rule 26(a) ...............................................................................................................................1, 3
  Rule 26(a)(1) ...............................................................................................................................8
  Rule 26(c) ...................................................................................................................................3

Defendant John Doe, Wei-Ning Sun, respectfully moves the Court for an order staying all discovery, with the exception of the exchange of initial disclosures pursuant to Fed. R. Civ. P. 26(a), pending resolution of Defendant's motion to dismiss.  ECF No. 85 ("MTD").

## PRELIMINARY STATEMENT

The Third Amended Complaint—together with the parties' briefing on Mr. Sun's motion to dismiss—makes clear that the sole allegation Plaintiff relies on to sue Mr. Sun is that *another defendant* received less than 5% "of Plaintiff's stolen assets."  According to Plaintiff, that defendant (whose name is redacted from public filings) then made outgoing transfers to others' crypto accounts, including Mr. Sun's.  There is no allegation that any of Plaintiff's assets were ever sent to Mr. Sun's account.

The sole allegation against Mr. Sun does not adequately plead even one element of even one of Plaintiff's claims, nor does it provide any basis upon which to exercise jurisdiction over him.  Plaintiff has not offered nearly enough to justify the costs and burdens of cross-border discovery, particularly against a foreign national who does not speak English, resides thousands of miles from the Court, and does not conduct business within the United States or Texas.

In assessing whether the costs of international discovery are justifiable, Mr. Sun respectfully requests that the Court consider that Mr. Sun has already been forced to incur unnecessary costs to defend himself against claims that were pled without a good-faith basis.  In his Third Amended Complaint, Plaintiff brought claims against Mr. Sun for fraud and conversion.  Because Plaintiff did not do his diligence before filing that pleading, Mr. Sun was forced to do it for him.  That work (i.e., basic legal research) revealed that Plaintiff's claims had no legal or factual basis.  Although Plaintiff now correctly abandons his fraud and conversion claims as to Mr. Sun

(in a footnote to his opposition to Mr. Sun's motion to dismiss), those claims should never have been brought in the first place. Mr. Sun, of course, bore the burden and costs to demonstrate that.

Mr. Sun should not be forced to bear the additional burden and costs of discovery while his motion to dismiss is pending. Suffice it to say, Mr. Sun's motion is strong. If granted, Mr. Sun's motion would resolve this litigation as to Mr. Sun, and obviate the need for discovery. And while Mr. Sun would be harmed by unnecessary cross-border discovery, a brief stay while the Court resolves Mr. Sun's motion to dismiss would not prejudice Plaintiff in light of the Court's preliminary injunctive relief, which freezes nearly $5 million of Mr. Sun's assets—nearly two-and-a-half times more than Plaintiff alleges in total losses. Further, when Plaintiff's allegations are carefully parsed, it is evident that he does not clearly allege that Mr. Sun ever received any of his assets. Instead, Plaintiff speculates that, at most, $99,864 *may* have ended up in Mr. Sun's accounts. Yet Mr. Sun has lost access to nearly 50 times that amount.

For those reasons and the ones set forth below, Mr. Sun's application satisfies the Fifth Circuit's "good cause" standard for a stay of discovery. We respectfully request that the Court grant Mr. Sun's motion.

## STATEMENT OF FACTS

Plaintiff initiated this lawsuit on August 14, 2024, naming two defendants and 20 John Doe defendants. *See* ECF No. 1. On May 23, 2025, the Court granted Plaintiff's motion for a temporary restraining order requesting that six blockchain addresses be frozen. ECF No. 35. Plaintiff subsequently sought a preliminary injunction extending the freeze through trial, which was granted on June 20, 2025. *See* ECF Nos. 48, 51.

Of Plaintiff's $2.4 million funds at issue, Plaintiff has traced $2.07 million (or approximately 85%) to Defendant Zedxion, which Plaintiff alleges "off-ramp[ed]" those funds

"into fiat currency." ECF No. 70 ¶¶ 20, 27.  Plaintiff has traced just "$99,864 of Plaintiff's stolen assets" to another Defendant (*not* Mr. Sun), who Plaintiff contends then made outgoing transfers, including to Mr. Sun.  *Id.* ¶¶ 28, 30.  *None* of Plaintiff's specific funds have been traced to Mr. Sun.  *See id.*  Nevertheless, Plaintiff sought a preliminary junction as to nearly $5 million of Mr. Sun's funds.  *See* ECF No. 51.

On November 10, 2025, Mr. Sun moved to dismiss the Third Amended Complaint for lack of personal jurisdiction, failure to state a claim, and improper venue.  *See generally* MTD.  On December 11, 2025, Plaintiff opposed, and Mr. Sun filed his reply on December 23, 2025.  ECF Nos. 94, 97.  Also on December 11, 2025, the Court ordered the parties to conduct a Rule 26(f) conference by January 6, 2026.  ECF No. 93.

In compliance with the Court's order, the parties met telephonically on January 6, 2026, which triggered a January 16, 2026 deadline to exchange initial disclosures.  *Id*.  During the parties' conference, undersigned counsel requested that Plaintiff consent to a stay of discovery pending resolution of Mr. Sun's motion to dismiss.  Plaintiff refused to consent.  On January 9, 2026, undersigned counsel informed Plaintiff that Mr. Sun intended to move, over Plaintiff's objection, for a stay of discovery.  On January 12, 2026, Mr. Sun requested that Plaintiff agree that Mr. Sun's service of initial disclosures pursuant to Fed. R. Civ. P 26(a) and the Court's December 11 order (ECF No. 93) did not constitute a waiver of Mr. Sun's jurisdictional defenses.  On January 13, Plaintiff agreed by email.

## LEGAL STANDARD

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  *Serafine v. Abbott*, No. 20-CV-1249, 2021 WL 5908618, at *2 (W.D. Tex. Dec. 13, 2021) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th

Cir. 1987)). The Court may stay discovery for "good cause" pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011). Good cause for a "stay of discovery exists if the party seeking the stay articulates that 'annoyance, embarrassment, oppression, or undue burden nor expense' will occur absent the stay." *Exxon Mobil Corp. v. Bonta*, No. 25-cv-00011-MJT, ECF No. 80 ("*Exxon* Order") at 3 (E.D. Tex. May 23, 2025). "To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely." *Serafine*, 2021 WL 5908618, at *2.

## ARGUMENT

Discovery should be briefly stayed pending resolution of Mr. Sun's motion to dismiss. The factors that courts consider in determining whether a stay is appropriate weigh heavily in favor of this relief. Most significantly, Mr. Sun's motion has, at a minimum, raised serious doubts as to whether a United States Court has authority to hear this dispute. And on the merits, Mr. Sun's motion highlighted that Plaintiff seeks to brand Mr. Sun a RICO participant, conspirator, thief, and fraudster solely based on Mr. Sun's alleged potential receipt of a portion of Plaintiff's assets after numerous transactions among various third parties (none of which are linked to Mr. Sun by any factual allegations). This allegation does not give rise to any claim for relief.

It is very likely that Mr. Sun's motion will obviate the need for any discovery against him. Forcing Mr. Sun to participate in discovery while his motion is pending would subject a foreign national to costly discovery in the United States for little purpose. As for any harm to Plaintiff, this Court has already frozen Mr. Sun's crypto assets—a brief delay of discovery will have only a minor impact on Plaintiff, because the assets he seeks to recover remain frozen.

### I. The Likelihood That Mr. Sun, a Foreign National, Will Be Dismissed From This Litigation Is High

The Third Amended Complaint against Mr. Sun is deficient across the board. Plaintiff has come nowhere close to alleging a cognizable claim against Mr. Sun and has asked the Court to hale him from Taipei to Texas on a "novel" theory of jurisdiction. Under these circumstances, a stay is necessary to protect Mr. Sun from enduring the considerable burdens of discovery and incurring *additional* extensive fees and costs while his assets remain frozen.

A stay of discovery is particularly appropriate if, in opposition to a jurisdictional objection, plaintiff fails to make "even a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). Plaintiff has repeatedly failed to make that showing over the course of this litigation. In his first four complaints, Plaintiff asserted that all Defendants, including Mr. Sun, conduct business in Texas. ECF No. 94 at 13. Putting aside its falsity, that assertion fails because it: (1) is entirely conclusory; (2) constitutes quintessential group pleading; and (3) does not satisfy the demands of the Due Process Clause.

Given those obstacles, it is not surprising that in his opposition to Mr. Sun's motion to dismiss, Plaintiff pivots to "the nationwide-contacts standard." ECF No. 94 at 13. There, too, his arguments are meritless. Solely by way of example, and as discussed more fully in Mr. Sun's reply memorandum of law in support of his motion to dismiss, Plaintiff cites RICO's nationwide service provision as a basis for jurisdiction even though service was not made within the United States. ECF No. 97 at 9. And the purported contacts with the United States that Plaintiff cites, in support of a theory he admits is "novel," amount to an argument that any federal court has personal jurisdiction over any individual who potentially received property that once passed through a U.S.-based exchange. *Id*. at 10-11. Simply put, there is no cognizable basis for the exercise of jurisdiction over Mr. Sun.

5

In adjudicating Mr. Sun's motion, the Court will determine whether it has the authority to hear this case against Mr. Sun. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction . . . is an essential element of the jurisdiction of a district… court, without which the court is powerless to proceed to an adjudication.") (internal quotation marks and citation omitted). There are, at a minimum, compelling reasons to believe that it does not. Under these circumstances, a stay of discovery is warranted. *See Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) ("When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted.").

A stay is also warranted because the Third Amended Complaint is equally deficient on the merits. The claims that Plaintiff continues to press against Mr. Sun rest entirely on the allegation that, after eight transactions among various parties, less than 5% of Plaintiff's stolen assets were found in an account owned by a different defendant, and then certain funds in that other defendant's account—but not necessarily Plaintiff's funds—were transferred to Mr. Sun. ECF No. 70 ¶¶ 20-21, 27-31, 48; ECF 94-2 at ¶ 2 and page 87 (Attachment 1-D). This one allegation is insufficient to support any of Plaintiff's remaining claims, and the Court is likely to conclude that the Third Amended Complaint fails to state a claim. Given the strength of Mr. Sun's motion to dismiss, the costs and burdens of discovery are not justified. *Patel v. Qatar Airways Grp. Q.C.S.C.*, No. 24-cv-1599, 2025 WL 1673911, at *2 (W.D. Tex. May 7, 2025) ("[A] stay is appropriate in this case since discovery is not needed to resolve the pending motion to dismiss, and resolution of that motion could obviate the need for discovery all together.").

The costs and burdens of discovery should weigh particularly heavily in the Court's calculus in light of Mr. Sun's status as a foreign defendant. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987) ("American courts,

6

in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position."); *Nester v. Textron, Inc.*, No. A-13-CA-920-LY, 2015 WL 1020673, at *7 (W.D. Tex. Mar. 9, 2015) ("[S]pecial vigilance" is required with respect to foreign litigants "even where the Federal Rules of Civil Procedure are potentially applicable to a foreign party."). Mr. Sun does not speak or understand English. He resides 13 time zones away from his U.S. counsel, and 12 time zones away from this Court. Any information exchanged would need to be translated to enable Mr. Sun to meaningfully participate in the discovery process. Coupled with the strength of Mr. Sun's motion, these unique burdens strongly support Mr. Sun's stay application.

## II. Plaintiff Will Not Suffer Any Prejudice Due to a Stay, and the Equities Favor a Stay

By contrast with the considerable prejudice that Mr. Sun will face if discovery continues, Plaintiff is not at risk of harm if the Court orders a stay. Plaintiff has already obtained a preliminary injunction that freezes Mr. Sun's assets. That injunction deprives Mr. Sun of access to approximately two-and-a-half times Plaintiff's alleged losses, and Plaintiff's allegations—both in the Third Amended Complaint and the tracing analysis attached to the affidavit submitted by "the Head of Investigations at The Hoda Law Firm, PLLC"—reveal that less than $100,000 of the nearly $5 million subject to the freeze *may have* flowed from Plaintiff to Mr. Sun. ECF 70 at ¶¶ 20-21, 27-31, 48; ECF 94-2 at ¶ 2 and page 87 (Attachment 1-D). Particularly in light of the weaknesses in Plaintiff's claims and the lack of a cognizable basis for jurisdiction, a brief stay of discovery until this Court can resolve Mr. Sun's motion to dismiss balances the equities fairly.

In weighing the equities, Mr. Sun respectfully requests that the Court also consider that Mr. Sun has already been forced to incur substantial costs to defend himself against claims that Plaintiff pursued without a good-faith basis. In his Third Amended Complaint, Plaintiff brought fraud

claims against Mr. Sun. *Id.* at ¶¶ 51-54. Even a modicum of legal research would have revealed that those claims required Plaintiff to plead that Mr. Sun made a misrepresentation. Plaintiff did not—and could not—plead that Mr. Sun made any representation, let alone any *mis*representation. Likewise, Plaintiff's Third Amended Complaint brought conversion claims against Mr. Sun. *Id.* ¶¶ 62-64. Here, too, even a cursory review of the applicable elements would have revealed that Plaintiff must plead facts beyond the mere receipt of property. Of course, Plaintiff's entire case against Mr. Sun is premised on the sole allegation that Mr. Sun may have received property.

These claims likely did not meet the minimum pleading standard set forth by the Federal Rules of Civil Procedure. While Mr. Sun appreciates that Plaintiff has abandoned them in a footnote (*see* ECF 94 n.97), Plaintiff did so only after Mr. Sun expended considerable resources to demonstrate that Plaintiff did not exercise the requisite degree of diligence. We respectfully request that the Court take Plaintiff's failure—for which Mr. Sun has borne the cost—into account when deciding whether Mr. Sun should be required to bear the additional costs of international discovery while the Court resolves Mr. Sun's motion to dismiss this litigation.

### III. Mr. Sun Will Serve Initial Disclosures Without Waiving His Personal Jurisdiction Defense

Mr. Sun is aware that Your Honor's practice is to require parties challenging jurisdiction to serve initial mandatory disclosures under Federal Rule of Civil Procedure 26(a)(1). *Exxon* Order at 1. For that reason, Mr. Sun intends to timely serve his initial disclosures while expressly preserving the jurisdictional defenses set forth in his motion to dismiss.[1]

### CONCLUSION

We respectfully request that the Court grant this Motion to Stay Discovery pending

---

[1] Plaintiff has agreed that by serving initial disclosures in accordance with the Court's December 11, 2025 order, ECF No. 93, Mr. Sun has not waived any jurisdictional defenses.

resolution of Mr. Sun's Motion to Dismiss.[2]

Dated: January 16, 2026	Respectfully submitted,

    **PILLSBURY WINTHROP SHAW PITTMAN LLP**

    By: /s/ *David Oliwenstein*
        David Oliwenstein
        Max A. Winograd
        Andrew Wiktor
        31 West 52nd Street
        New York, New York 10019-6131
        Tel.: (212) 858-1000
        Fax.: (212) 858-1500
        david.oliwenstein@pillsburylaw.com
        max.winograd@pillsburylaw.com
        andrew.wiktor@pillsburylaw.com

    William D. Wood
    609 Main Street
    Suite 2000
    Houston, Texas 77002
    Tel.: (713) 276-7600
    Fax.: (713) 276-7673
    william.wood@pillsburylaw.com

    *Attorneys for Defendant John Doe*

---

[2] We are aware of Your Honor's practice of deferring decisions on motions to stay discovery while a motion to dismiss is pending until either oral arguments on the dispositive motion or a conference pursuant to Fed. R. Civ. P. 16. *See, e.g.*, *Palmer v. Idalia Llorens Collection Agency, Inc.*, 19-cv-00341-MJT (E.D. Tex. Jan. 15, 2020) ECF No. 37; *see also Exxon* Order at 5 (noting this Court's "consistent practice" is "to engage in a Rule 16 Case Management Conference with parties who . . . raise personal jurisdiction issues in their motions to dismiss."). We will be prepared to address Mr. Sun's stay application at the upcoming oral argument and Rule 16 conference, to the extent the Court would like us to do so.

## CERTIFICATE OF CONFERENCE

On January 6, 2026, counsel for Defendant conferred with counsel for Plaintiff via email regarding this motion to stay discovery pending resolution of Defendant's motion to dismiss. Counsel for Plaintiff indicated that Plaintiff would not consent to the relief sought in this motion.

By: /s/ David Oliwenstein
David Oliwenstein

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a)(3). As such, this document was served on all parties appearing in the above-captioned case who have consented to electronic service via the Court's CM/ECF system on January 16, 2026.

By: */s/ David Oliwenstein*
David Oliwenstein