UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| Bruce Cohn,<br><br>*Plaintiff*,<br><br>v.<br><br>Anna Popescu, *et al.*,<br><br>*Defendants*. | Case No. 1:24-CV-00337<br><br>**Joint Report of Rule 26(f) Conference** |

Plaintiff Bruce Cohn ("Plaintiff") and Defendant Wei Ning Sun, sued as John Doe ("Sun") (collectively, the "Appearing Parties"), by and through their undersigned counsel, submit this Joint Report of Attorney Conference pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order Setting Civil Action for Rule 16 Management Conference.[1]

This Joint Report is submitted only on behalf of the Appearing Parties. Other defendants have not appeared.

### I.     Factual and Legal Synopsis

Plaintiff alleges that he was induced to transfer cryptocurrency assets through fraudulent representations made in connection with an online trading platform known as

---

[1] Mr. Sun has moved to dismiss this matter under Fed. R. Civ. P 12(b)(2) for (among other things) lack of personal jurisdiction. Mr. Sun submits this joint report without waiving, and expressly preserving, all jurisdictional defenses.

TrustHFTwallet. Plaintiff alleges that the platform was fictitious, that no legitimate trading occurred, and that his assets were stolen and laundered through a series of blockchain transactions and cryptocurrency exchanges.

Plaintiff asserts claims under the Racketeer Influenced and Corrupt Organizations Act, including substantive RICO and conspiracy, as well as claims for conversion, fraud, and aiding and abetting. Plaintiff also asserts in rem claims against specific blockchain addresses holding allegedly stolen USDC that are currently frozen pursuant to Court order.

Mr. Sun denies liability. Mr. Sun's position is that this matter should be dismissed as to him for lack of personal jurisdiction and that the Third Amended Complaint fails to state a claim upon which relief can be granted.

Mr. Sun further objects to Plaintiff's efforts to freeze nearly $5 million of his assets. At most, Mr. Sun is alleged to have received $99,801 of Plaintiff's funds, though the Third Amended Complaint does not, in fact, allege that any of Plaintiff's crypto assets ended up in Mr. Sun's accounts. At the appropriate time, Mr. Sun seek will seek vacatur of the order freezing his assets.

## II.     Jurisdictional Basis

Plaintiff invokes this Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 based on federal-question jurisdiction arising under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq ("RICO"). Plaintiff also invokes supplemental jurisdiction over related state-law claims.

Mr. Sun has moved to dismiss Plaintiff's claims against him for lack of personal jurisdiction. That motion is fully briefed and set for oral argument on January 29, 2025.

### III.     Related Cases

The Parties are not aware of any related cases pending in any state or federal court.

### IV.     Initial Mandatory Disclosures

Plaintiff Bruce Cohn has completed initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Court's Order. Defendant Wei Ning Sun has also completed initial disclosures, while preserving all jurisdictional defenses, pursuant to Rule 26(a)(1).

### V.     Proposed Scheduling Order

Plaintiff's position is that the Court should adopt the standard scheduling order deadlines set forth in Appendix 1 to the Court's Order.

In light of his motion to stay discovery pending the resolution of his motion to dismiss, Mr. Sun's position is that it is premature for the Court to enter a scheduling order setting forth the deadlines in Appendix 1 to the Court's Order.

To the extent the Court is inclined to enter a scheduling order in accordance with Appendix 1 (i.e., the fourth item of which permits Plaintiff to file an amended complaint without leave of Court), Mr. Sun notes that the issue of whether the Court should allow Plaintiff to file a fifth complaint was raised by the parties in their respective briefing on Mr. Sun's motion to dismiss. Mr. Sun's position is that, by filing four complaints in this action, Plaintiff has already exhausted his ability to amend his complaint as of right pursuant to Fed. R. Civ. P. 15(a). As discussed in his reply memorandum of law in support of his motion to dismiss, Mr. Sun's position is that further amendments are not consistent with Fed. R. Civ. P. 15(a)(2).

Plaintiff disagrees with Mr. Sun's position and requests, to the extent the Court grants Mr. Sun's motion to dismiss, that Plaintiff be afforded leave to amend.

In light of this dispute regarding whether Plaintiff should be permitted to further amend his complaint, the Appearing Parties respectfully request that the Court determine whether Plaintiff may file a fourth amended complaint in connection with its decision on Mr. Sun's pending motion to dismiss.

## VI.     Mediation

The Appearing Parties are having ongoing discussions regarding the potential for a productive mediation, but are not proposing mediation at this time.

## VII.    Discovery Plan (Rule 26(f))

### A.     Electronically Stored Information

Discovery will involve electronically stored information, including electronic communications, cryptocurrency transaction data, and exchange records. To the extent discovery proceeds, the parties will meet and confer in good faith regarding an appropriate ESI protocol. At this time, the Appearing Parties do not anticipate disputes relating to ESI discovery.

### B.     Privilege and Protection of Information

The Appearing Parties anticipate seeking entry of Judge Truncale's standard protective order to govern the exchange of confidential and sensitive information, should discovery proceed as to Mr. Sun. The Appearing Parties do not anticipate seeking an order under Federal Rule of Evidence 502 at this time.

### C.     Discovery Limitations

With the exception of Mr. Sun's application to stay discovery, the Appearing Parties do not propose any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure or the Local Rules at this time.

### D. Other Orders

Mr. Sun has sought entry of an order staying discovery. No other orders are jointly requested by the Appearing Parties at this time.

### E. Depositions

Plaintiff anticipates depositions of:

- Wei-Ning Sun

- Owners of the Binance accounts that received Plaintiff's assets (if they can be located)

- Participants in the alleged TrustHFTWallet scheme (if they can be located)

Mr. Sun anticipates depositions of:

- Bruce Cohn

- Evan Cole

- Current or former Defendants, including those with whom Plaintiff previously settled

## VIII. Trial Information

Plaintiff has demanded a jury trial. The Appearing Parties estimate that trial will require approximately three (3) days.

## IX. Management Conference Attendance

The following attorneys will appear at the Rule 16 Management Conference with full authority to bind their respective clients:

- **For Plaintiff Bruce Cohn:**

Marshal J. Hoda

- **For Defendant Wei Ning Sun:**

Andrew Wiktor

David Oliwenstein

## X. **Other Matters**

The Appearing Parties have no additional matters to raise at this time.

4923-0569-2553.v1

Dated:  January 20, 2026                    Respectfully submitted,

                                                  THE HODA LAW FIRM, PLLC

                                                  Marshal J. Hoda, Esq.
                                                  Tx. Bar No. 24110009 (PHV)
                                                  3120 Southwest Fwy
                                                  Ste 101 PMB 51811
                                                  Houston, TX 77098
                                                  o. (832) 848-0036
                                                  marshal@thehodalawfirm.com

                                                  *Attorney for Plaintiff*


**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: /s/ *David Oliwenstein*
     David Oliwenstein
     Max A. Winograd
     Andrew Wiktor
     31 West 52nd Street
     New York, New York 10019-6131
     Tel.: (212) 858-1000
     Fax.: (212) 858-1500
     david.oliwenstein@pillsburylaw.com
     max.winograd@pillsburylaw.com
     andrew.wiktor@pillsburylaw.com

     William D. Wood
     609 Main Street

Suite 2000
Houston, Texas 77002
Tel.: (713) 276-7600
Fax.: (713) 276-7673
william.wood@pillsburylaw.com

*Attorneys for Defendant John Doe*